EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lorel E. Cordero Vargas<br><br>Peticionaria<br><br>v.<br><br>Carlos J. Pérez Pérez<br><br>Recurrido | Certiorari<br><br>2017 TSPR 152<br><br>198 ____ |

Número del Caso: CC-2016-1094

Fecha: 9 de agosto de 2017

Tribunal de Apelaciones:

    Región Judicial de Mayagüez

Abogada de la parte peticionaria:

    Lcda. Melissa Juliana Aldea Ruiz

Abogadas de la parte recurrida:

    Lcda. Lourdes Ortiz Pagán
    Lcda. Jeannette González Acevedo
    Lcda. Lizadelle Flores Vélez

Materia: Derecho administrativo: Requisito jurisdiccional de solicitar reconsideración ante la agencia que contiene el Art. 11A de la Ley Orgánica de la Administración para el Sustento de Menores.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lorel E. Cordero Vargas

   Peticionaria

     v.                        CC-2016-1094          Certiorari

Carlos J. Pérez Pérez

   Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 9 de agosto de 2017.

Nos corresponde determinar si el Tribunal de Apelaciones actuó correctamente al desestimar el recurso presentado por falta de jurisdicción. Para ello, debemos resolver si la Asamblea Legislativa, conforme a nuestros pronunciamientos en <u>Aponte v. Policía de PR</u>, infra, mantuvo vigente en la Ley Orgánica de la Administración para el Sustento de Menores, infra, el requisito jurisdiccional de la reconsideración. Es decir, nos corresponde determinar si el acto legislativo de mantener parte del Artículo 11A de esa ley, igual que en su origen, a pesar de haber

sido enmendado en otros extremos, constituye una expresión válida de la Asamblea Legislativa en cuanto a su intención de conservar el requisito jurisdiccional de la reconsideración.

Con ello en mente, procedemos a exponer el trasfondo fáctico y procesal que originó la controversia ante nos.

**I**

El 4 de junio de 2004, la Sra. Lorel E. Cordero Vargas (señora Cordero o peticionaria) presentó una *Solicitud de Servicio de Sustento de Menores* ante la Administración para el Sustento de Menores (ASUME) contra el Sr. Carlos J. Pérez Pérez (señor Pérez o recurrido). Luego de varios trámites procesales, las partes llegaron a un acuerdo y presentaron una *Estipulación de Obligación de Proveer Alimento*.[1] A esos efectos, el 19 de junio de 2006, ASUME estableció la orden de pensión alimentaria para el menor procreado por las partes.

Así las cosas, tras la peticionaria solicitar una revisión de la pensión, el 30 de agosto de 2007, ASUME le envió al señor Pérez una notificación sobre intención de modificar la pensión alimentaria. Ello, debido a que habían transcurrido tres (3) años desde que se había fijado la pensión. No obstante, el 14 de agosto de 2008, esta misma dependencia envió al patrono del recurrido una

---

[1] Las partes estipularon una pensión alimentaria mensual de $207.22 efectiva desde el 14 de julio de 2004.

orden de retención de ingreso para el pago de la pensión alimentaria ordenada.[2]

Ahora bien, el 25 de febrero de 2015, la señora Cordero presentó una *Petición de Revisión o Modificación de Pensión Alimentaria*. Ante ello, el 11 de septiembre de 2015, ASUME emitió una Resolución en la que, después de examinada toda la prueba presentada y el expediente del caso, impuso una pensión mensual de $407.45, retroactiva al 25 de febrero de 2015.[3] En esta Resolución se incluyeron las siguientes advertencias:

> Cualquier parte adversamente afectada por esta Resolución y Orden podrá solicitar revisión al Juez Administrativo de la ASUME dentro del término de veinte (20) días si reside en Puerto Rico o de treinta (30) días si reside fuera de Puerto Rico, contados a partir de la Notificación de esta orden. De no solicitar revisión dentro del término señalado, la Orden será final y firme.
> . . . .
> La parte adversamente afectada por la determinación del Juez Administrativo podrá presentar reconsideración dentro del término de veinte (20) días si reside en Puerto Rico o de treinta (30) días si reside fuera de Puerto Rico, contado a partir de la notificación de la Orden o Decisión.
> La parte adversamente afectada por la determinación mediante la cual el Juez Administrativo resuelva la moción de reconsideración podrá presentar un recurso de revisión ante el Tribunal de Apelaciones, dentro del término de treinta (30) días a partir del archivo en autos de la copia de la notificación de la Orden o Decisión final del Juez Administrativo. **Es requisito jurisdiccional para solicitar revisión judicial haber solicitado**

---

[2]La referida orden de retención de ingreso fue por la cantidad de $207.22 mensual.

[3] En la Resolución se determinó que el retroactivo sería de $1,401.61. Por lo tanto, se dividió en un plan de pago de $40.74 mensual.

**oportunamente reconsideración**. Resolución sobre Revisión de Pensión Alimentaria, Anejo I, págs. 60-61 (énfasis suplido)

Inconforme con tal determinación, la señora Cordero presentó un escrito intitulado *Moción Solicitando Reconsideración*. [4] En él, cuestionó la fecha de la retroactividad y la omisión de la agencia en pronunciarse respecto a las costas y honorarios de abogado. Señaló que la revisión comenzada en el 2007 nunca fue archivada, por lo que aún estaba vigente. Además, explicó, que en febrero de 2015, ASUME le solicitó que entregara nuevamente los documentos para la revisión de la pensión. Por lo tanto, expresó que la pensión alimentaria debía ser retroactiva a los últimos cinco (5) años.

Tomado como una revisión administrativa, y después de realizada la correspondiente vista, la Jueza Administrativa emitió una Resolución en la que declaró no ha lugar el recurso de revisión. Adujo que la peticionaria renunció tácitamente al retroactivo al haber entregado una segunda petición de revisión o modificación de pensión alimentaria. Asimismo, en esa Resolución se incluyó como advertencia que la parte adversamente afectada por esa Resolución podía solicitar reconsideración dentro del término de veinte (20) días si reside en Puerto Rico o treinta (30) días si reside fuera de Puerto Rico. De igual forma, en el tercer inciso se advirtió lo siguiente:

---

[4]Así también, el recurrido presentó una solicitud de revisión. No obstante, luego desistió.

En los casos en que la Juez Administrativa emita determinación en Reconsideración, la parte adversamente afectada podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones conforme el Reglamento de ese Tribunal, dentro del término [de] treinta (30) días contados a partir del archivo en autos de la Resolución de Reconsideración. **La solicitud de Reconsideración es un requisito jurisdiccional para poder solicitar Revisión Judicial ante el Tribunal de Circuito de Apelaciones.** Resolución, Anejo I, pág. 80 (énfasis suplido).

En disconformidad con ese proceder, la señora Cordero presentó directamente un recurso de revisión judicial ante el Tribunal de Apelaciones, impugnando el dictamen de ASUME. Arguyó, entre otras cosas, que la agencia recurrida incidió al determinar que hubo una renuncia tácita de los derechos del menor y al no pronunciarse respecto a las costas y honorarios.

Posteriormente, el señor Pérez compareció ante el foro apelativo intermedio en oposición del recurso de revisión judicial. Sostuvo que ASUME dictaminó no ha lugar a la revisión de pensión del año 2007 ya que la peticionaria no cooperó con el descubrimiento de prueba. Además, tampoco solicitó revisión de esa determinación. Asimismo, adujo que el 14 de agosto de 2008 hubo una orden de retención de ingreso de la cual la señora Cordero no recurrió en revisión. Por lo tanto, alegó que la retroactividad de la pensión debía ser desde la fecha de la radicación de la nueva petición de revisión de pensión, es decir, el 25 de febrero de 2015. En cuanto a los honorarios de abogado, arguyó que la peticionaria no los solicitó en el recurso de revisión, por lo que está

impedida de señalarlo como un error ante el Tribunal de Apelaciones.

Ponderados los argumentos de las partes, el foro apelativo intermedio desestimó el recurso por falta de jurisdicción. Indicó que, según el Artículo 11A de la Ley Orgánica de la Administración para el Sustento de Menores (Ley de ASUME), 8 LPRA sec. 510a, es requisito jurisdiccional para acudir en revisión judicial haber solicitado oportunamente la reconsideración de la orden de la cual se recurre. Por consiguiente, concluyó que la peticionaria presentó el recurso de revisión judicial sin haber cumplido con radicar la referida moción de reconsideración ante el Juez Administrativo.[5]

Oportunamente, la señora Cordero recurre ante nos y señala que el Tribunal de Apelaciones incidió al determinar que no tenía jurisdicción para atender el caso. Fundamenta su alegación en que una Resolución de una petición de alimentos puede ser revisada dentro de los veinte (20) días de emitida, conforme el Artículo 11(c) de la Ley de ASUME, 8 LPRA sec. 510, y también revisada cada tres (3) años, conforme el Artículo 19(c) de esa misma ley. Por lo tanto, la peticionaria argumenta que en este caso la Resolución del 11 de septiembre de 2015 fue de una revisión de pensión alimentaria según el

---

[5] La Jueza Birriel Cardona disintió. Razonó que la peticionaria presentó la moción de reconsideración. Además, indicó que sólo debía disponerse del recurso luego de contar con el alegato de la parte recurrida y de los autos originales de ASUME.

Artículo 19(c). Así, pues, arguye que ella presentó el 8 de octubre de 2015 una reconsideración sobre esa revisión.

Por su parte, el recurrido presentó su oposición. En ella, afirma que la peticionaria presentó el recurso ante el Tribunal de Apelaciones sin haber cumplido con el requisito jurisdiccional de presentar una moción de reconsideración ante ASUME. En apoyo de su argumento, señala que tanto en la ley de ASUME como en las advertencias realizadas en la Resolución se estableció que la reconsideración es un requisito jurisdiccional.

Trabada de esta forma la controversia, emitimos una Resolución el 31 de marzo de 2017, ordenando al señor Pérez mostrar causa por la cual no procedía revocar la Sentencia emitida por el Tribunal de Apelaciones. Oportunamente, éste compareció mediante *Escrito en Cumplimiento de Resolución Dictada sobre Orden de Mostrar Causa*. En éste, el peticionario reproduce los argumentos esgrimidos en su oposición.

Por su parte, la señora Cordero presentó *Réplica a "Escrito en Cumplimiento de Resolución Dictada sobre Orden de Mostrar Causa"*. Aduce, entre otras cosas, que es errónea la alegación del recurrido de que ASUME declaró no ha lugar la solicitud de revisión y/o modificación del año 2007. Explica que la referida entidad gubernamental nunca emitió una Resolución a esos efectos. Asimismo, arguye que, contrario a lo indicado por el señor Pérez,

la orden de retención emitida en el 2008 no estableció una pensión ni puso fin al proceso de revisión.[6]

De otra parte, ASUME compareció ante nos y alega que en su ley orgánica se mantuvo la reconsideración como requisito jurisdiccional. Asimismo, señala que la peticionaria no planteó ni puso en posición a los tribunales para que se le eximiera del requisito de agotar los remedios administrativos. Finalmente, argumenta que la señora Cordero se confundió con el concepto de revisión. Indica que, tras la determinación de la agencia, la peticionaria presentó ante la Jueza Administrativa una revisión administrativa aunque haya intitulado el escrito como una reconsideración. Ello, ya que fue una reevaluación de la Resolución emitida por la agencia. Más aún, de esa forma fue que lo acogió la Jueza Administrativa. Por tanto, expresa que, contrario a lo alegado, la reconsideración que se exige en la ley como requisito jurisdiccional para ir en revisión judicial es la reevaluación de la determinación que haya tomado la Jueza Administrativa, proceso que no llevó a cabo la señora Cordero.

Con el beneficio de la comparecencia de las partes, este Tribunal procede a resolver la controversia ante nuestra consideración.

---

[6] Ante ello, el recurrido presentó una dúplica donde reproduce los argumentos presentados en su oposición.

**II**

La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA sec. 2101 *et seq.*, tuvo como fin "sistematiza[r] y crea[r] un cuerpo uniforme de reglas mínimas que toda agencia deberá observar al formular reglas y reglamentos que definan los derechos y deberes legales de una clase particular de personas". Exposición de Motivos de la Ley Núm. 170 de 12 de agosto de 1988, Leyes de Puerto Rico, pág. 825. Véase, además, Pagán Román v. F.S.E., 129 DPR 888, 897 (1992). A su vez, creó una serie de normas para las determinaciones de una agencia en procesos adjudicativos. Vitas Health Care v. Hospicio La Fe *et al.*, 190 DPR 56, 65 (2014). Asimismo, estableció "un procedimiento uniforme de revisión judicial a la acción tomada por la agencia al adoptar un reglamento o al adjudicar un caso". Exposición de Motivos de la Ley Núm. 170 de 12 de agosto de 1988, Leyes de Puerto Rico, pág. 826.

Con el fin de lograr la referida uniformidad en los procesos administrativos, la LPAU, en su Sección 1.6, requirió que las agencias sujetas a las disposiciones de esta ley conformaran sus reglas o reglamentos a lo codificado en ella. Para ello, se les concedió un (1) año desde su aprobación. 3 LPRA sec. 2105(b). No obstante lo anterior, este Tribunal ha señalado que con esta ley se sustituyeron los procedimientos de cada agencia que son

incompatibles con ella y se creó un cuerpo uniforme de reglas mínimas para sus distintas funciones. Vitas Health Care v. Hospicio La Fe *et al.*, supra, pág. 66; Pagán Román v. F.S.E., supra, págs. 901-902. En ese sentido, hemos expresado "que esta ley prevale[ce] sobre toda disposición legal, relativa a una agencia en particular, que sea contraria a las disposiciones de la misma". Hernández v. Golden Tower Dev. Corp., 125 DPR 744, 748 (1990). Véanse, además, Vitas Health Care v. Hospicio La Fe *et al.*, supra, pág. 66; Perfect Cleaning v. Cardiovascular, 162 DPR 745, 757 (2004). A raíz de ello, las agencias no tienen la autoridad para adoptar reglamentación que imponga requisitos adicionales o distintos a los que impone la LPAU. Es decir, esta ley desplaza y predomina cualquier reglamentación de una agencia que sea contrario a ella. Vitas Health Care v. Hospicio La Fe *et al.*, supra, pág. 66; López Rivera v. Adm. de Corrección, 174 DPR 247, 254 (2008). Ello incluye los asuntos de revisión judicial. Si así se hiciera, serían nulos. 3 LPRA sec. 2127.

## A.

En cuanto a la revisión judicial de las órdenes o resoluciones finales de una agencia, la LPAU establece que la parte adversamente afectada, y que haya agotado los remedios provistos por la agencia o el organismo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro del

término de treinta (30) días contados a partir desde el archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. 3 LPRA sec. 2172 (Sup. 2016). No obstante, si la parte presenta oportunamente una moción de reconsideración, el término para acudir en revisión judicial será el dispuesto en la Sección 3.15, 3 LPRA sec. 2165. Particularmente, esta sección dispone de este modo: "La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden". Íd.

La referida sección, según aprobada en el año 1988, disponía en su segundo párrafo la siguiente oración: "La moción de reconsideración será jurisdiccional para poder solicitar revisión judicial". Ley Núm. 170 de 12 de agosto de 1988 (1988 Leyes de Puerto Rico 843). Sin embargo, en el año 1995 se enmendó tal sección con el fin de, entre otras cosas, eliminar ese requisito. Ley Núm. 247-1995 (1995 Leyes de Puerto Rico 1458).

A raíz de lo anterior, al interpretar este estatuto, hemos señalado que "la reconsideración mandatoria, como norma general, [ya] no existe ni siquiera para la revisión judicial de una decisión administrativa". Aponte v. Policía de PR, 142 DPR 75, 82 (1996). Sin embargo, hemos determinado que, como excepción, la reconsideración

conserva el carácter jurisdiccional cuando expresamente lo dispone alguna ley aprobada con posterioridad a la enmienda del 1995. Íd.; Vitas Health Care v. Hospicio La Fe *et al.*, supra, pág. 67. Véase además, D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 3ra ed; Forum, 2013, sec. 8.10, pág. 632.

**III**

**A.**

Con la Ley de ASUME se fortalecieron y agilizaron los procesos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias. 8 LPRA sec. 502. Específicamente, en el Artículo 11 de la referida ley, se estableció la normativa regulatoria del procedimiento administrativo expedito para cuando se soliciten los servicios a ASUME. Al respecto, el inciso (c) dispone lo concerniente a la revisión y reconsideración ante el Juez Administrativo. En éste, se señala que la parte adversamente afectada por una orden del Administrador de ASUME podrá solicitar una revisión al Juez Administrativo dentro del término de veinte (20) días, o treinta (30) días si el peticionario reside fuera de Puerto Rico. Por otro lado, la parte adversamente afectada por la determinación del Juez Administrativo podrá solicitar una reconsideración dentro del término de veinte (20) días, o treinta (30) días si el peticionario reside fuera de Puerto Rico. De no

solicitar revisión o reconsideración, la orden será final y firme. 8 LPRA sec. 510(c).

A pesar de lo anterior, en el año 1994, se enmendó la ley para, además de crear la ASUME,[7] añadir el Artículo 11A, en el cual se preceptúa la revisión judicial de esos procedimientos administrativos. Ley Núm. 86-1994 (1994 Leyes de Puerto Rico 418). Esta disposición actualmente lee de la siguiente forma:

> De conformidad con la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico" (3 L.P.R.A. § 2101 et seq.), la parte adversamente afectada podrá, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o decisión final del Juez Administrativo, presentar una solicitud de revisión ante el Tribunal de Apelaciones. **Será requisito jurisdiccional para poder acudir en revisión judicial, haber solicitado oportunamente la reconsideración de la orden de la cual se recurre.** En los casos de alimentos en donde se haya determinado la paternidad, el perjudicado podrá acudir al Tribunal de Primera Instancia, el cual podrá considerarlo como revisión, o celebrar juicio de novo. 8 LPRA sec. 510a (énfasis suplido).

Como se desprende del citado artículo, actualmente la Ley de ASUME establece que, conforme a la LPAU, es un

---

[7] Cabe señalar que la Ley Núm. 5 del 30 de diciembre de 1986 creó la Ley Especial de Sustento de Menores, la cual tenía como fin velar por el cumplimiento de la obligación de prestar alimentos a los menores. (1986 Leyes de Puerto Rico 755). No obstante, la Ley Núm. 86 del 17 de agosto de 1994 enmendó sustancialmente esa ley para crear la ASUME, con el propósito de poner en vigor la política pública de paternidad responsable. Además, se promulgó con el fin de crear un organismo administrativo que dirija de forma ágil los procesos administrativos encaminados a fijar, modificar y hacer efectivas las pensiones alimentarias.

requisito jurisdiccional presentar una reconsideración de la determinación del Juez Administrativo para entonces acudir en revisión judicial. No obstante, debemos señalar que este artículo tuvo una enmienda en el año 2003. En ésta, se cambió el término "Tribunal Supremo" por "Tribunal de Apelaciones". Ello, para conformar este articulado a la Ley de la Judicatura de 2003 y la LPAU. Sin embargo, en tal enmienda no se eliminó el requisito jurisdiccional de solicitar la reconsideración.

**B.**

De otro lado, el Reglamento del Procedimiento Administrativo Expedito de la Administración para el Sustento de Menores, Núm. 7583, 10 de octubre de 2008 (Reglamento), regula el procedimiento especial para la fijación, modificación y el cumplimiento de la obligación de proveer alimentos. En éste, se establece que el proceso administrativo para modificar o revisar una pensión alimenticia comenzará a iniciativa de ASUME o a solicitud de parte. Íd., R. 22. Asimismo, dispone que, después de la debida notificación al alimentista y la correspondiente reunión ante el empleado a cargo del caso, se deberá emitir una resolución donde se establezca la pensión correspondiente. Íd., R. 24 y 25.[8] En ésta,

---

[8]Cabe señalar que en el Reglamento del Procedimiento Administrativo Expedito de la Administración para el Sustento de Menores (Reglamento) el término "resolución" se define de la siguiente forma:

Decreto que emite el Administrador o el juez administrativo mediante el cual dispone de forma

deberá advertir a las partes de su derecho a presentar una revisión ante el Juez Administrativo dentro del término establecido.[9]

Es en la Regla 46 del Reglamento que se le confiere jurisdicción al Juez Administrativo para la revisión de las resoluciones del Administrador de ASUME o su representante autorizado. Presentada la correspondiente revisión administrativa, el Juez Administrativo deberá realizar una vista. Íd., R. 52. Después de celebrada la vista, deberá emitir una resolución final en la cual se expongan las determinaciones de hecho, las disposiciones legales aplicables y las conclusiones de derecho que fundamentan su determinación. Asimismo, el Juez Administrativo deberá advertir sobre el derecho a solicitar reconsideración y presentar revisión judicial en los términos correspondientes. Íd., R. 59.

Al respecto, en la Regla 62 del Reglamento se establece la normativa aplicable a la reconsideración y a

_____

final de una alegación presentada o petición. También se refiere al decreto que emite el juez administrativo mediante el que dispone de una objeción, de una revisión o de una moción de reconsideración. La resolución debe contener determinaciones de hecho, conclusiones de derecho y las respectivas advertencias legales. Reglamento del Procedimiento Administrativo Expedito de la Administración para el Sustento de Menores, Núm. 7583, 10 de octubre de 2008, R. 5(49).

[9] En el Reglamento se define "revisión" de la siguiente manera: "Escrito que se presenta ante el juez administrativo en el que se solicita que se reevalúe o se enmiende la determinación del Administrador o del empleado o funcionario designado por éste". Íd., R. 5(51).

la revisión judicial. [10] Según sus definiciones, estos mecanismos son aplicables luego de que el Juez Administrativo haya emitido una resolución final. Además, en esta Regla se indica que "[l]a solicitud de reconsideración es un requisito jurisdiccional para poder solicitar revisión judicial ante el Tribunal de Apelaciones". Íd., R. 62. Así, al igual que la Ley de ASUME, el Reglamento incluye como requisito jurisdiccional presentar la reconsideración previo a acudir en revisión judicial.

En consideración al marco jurídico enunciado, procedemos a resolver la controversia ante nos.

**IV**

**A.**

Para determinar si el Tribunal de Apelaciones actuó correctamente al desestimar el recurso presentado por falta de jurisdicción, debemos resolver, en primer lugar, si la Asamblea Legislativa, conforme a nuestros pronunciamientos en Aponte v. Policía de PR, supra, mantuvo vigente en la Ley de ASUME el requisito jurisdiccional de la reconsideración. Ello, a pesar de la

---

[10] En el Reglamento se define "reconsideración" de este modo: "Recurso que la parte que resulte adversamente afectada por la determinación de un juez administrativo, puede presentar ante éste para que se vuelva a considerar el asunto". Íd., R. 5(49). Por otra parte, "revisión judicial" es definido como sigue: "Recurso que se presenta ante el Tribunal de Apelaciones en el que se solicita que se revoque o se enmiende la determinación del juez administrativo. En los casos de filiación, el recurso se podría presentar, además, ante el Tribunal de Primera Instancia de conformidad con el artículo 11(A) de la Ley". Íd., R. 5(53).

enmienda del 1995 de la LPAU. Es decir, nos corresponde determinar si el acto legislativo de mantener parte del Artículo 11A de la Ley de ASUME igual que en su origen, a pesar de haber sido enmendado en otros extremos, constituye una expresión válida de la Asamblea Legislativa en cuanto a su intención de conservar el requisito jurisdiccional de la reconsideración.

En primera instancia, debemos recordar que en nuestro ordenamiento jurídico rigen unas normas de hermenéutica legal que, en diferente grado, se imponen como principios rectores en la función adjudicativa. Rosado Molina v. ELA, 195 DPR 581, 589 (2016); San Gerónimo Caribe Project v. Registradora, 189 DPR 849, 868 (2013). En ese sentido, hemos reconocido que es un principio cardinal de hermenéutica que cuando la ley es clara y libre de ambigüedades, su letra no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. Cod. Civ. Art. 14, 31 LPRA sec. 14. Véanse, también, Zayas Rodríguez v. PRTC, 195 DPR 720, 733 (2016); Rosado Molina v. ELA, supra, pág. 589; San Gerónimo Caribe Project v. Registradora, supra, pág. 866. A esos efectos, al interpretar un estatuto, nos debemos remitir, en primer lugar, al propio texto de la ley, ya que si el legislador se expresó de forma clara e inequívoca, es considerado la expresión misma de la intención legislativa. Banco Santander de Puerto Rico v. Correa García, res. el 16 de septiembre de 2016, 2016

TSPR 201, pág. 14; Spyder Media, Inc. v. Mun. de San Juan, 194 DPR 547, 555 (2016). De modo que, no hay que indagar más allá de la ley, es decir, buscar el propósito legislativo, cuando su texto es claro.

No obstante, si al interpretar una ley en su conjunto, y no por secciones separadas, existe alguna ambigüedad en ella habrá que interpretarla de tal forma que no se produzca un resultado absurdo o contrario a la intención o propósito legislativo. Rosado Molina v. ELA, supra, pág. 590; Spyder Media, Inc. v. Mun. de San Juan, supra, págs. 555-556; IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 740 (2012). En esas circunstancias, los tribunales podremos recurrir a fuentes extrínsecas al texto de la ley, como el historial legislativo, los informes de comisiones y los debates legislativos para determinar la voluntad legislativa. Const. José Carro v. Mun. Dorado, 186 DPR 113, 127 (2012); Báez Rodríguez et al. v. ELA, 179 DPR 231, 245 (2010). Véase, también, R. Elfren Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed. rev., San Juan, Pubs. JTS, 1987, pág. 243.

Acorde con lo anterior, y luego de examinar los escritos de las partes, concluimos que los argumentos esgrimidos por la señora Cordero no tienen mérito. En consecuencia, resolvemos que el Tribunal de Apelaciones actuó correctamente al desestimar el recurso por falta de jurisdicción. La peticionaria debió cumplir con el

requisito jurisdiccional de presentar una reconsideración ante la Jueza Administrativa antes de solicitar revisión judicial. Veamos.

Según el marco jurídico expuesto, en el origen de la LPAU se estableció en la Sección 3.15 que la reconsideración era un requisito jurisdiccional para poder solicitar revisión judicial. Sin embargo, con la enmienda del 25 de diciembre de 1995 se eliminó tal requisito. Ley Núm. 247-1995 (1995 Leyes de Puerto Rico 1458). A pesar de ello, en Aponte v. Policía de PR, supra, establecimos que, como excepción, "la reconsideración conserva el carácter jurisdiccional sólo cuando expresamente lo dispone algún estatuto posterior a la referida enmienda del 1995 a la LPAU". Íd. pág. 82. A tales efectos, debemos determinar si esa excepción aplica a la Ley de ASUME.

Esta ley fue aprobada el 30 de diciembre de 1986. No obstante, fue el 17 de agosto de 1994, es decir, un año antes de la enmienda a la LPAU, que se añadió el Artículo 11A, el cual establece la revisión judicial. En éste, se incluyó que "[s]erá requisito jurisdiccional para poder acudir en revisión judicial, haber solicitado oportunamente la reconsideración de la orden de la cual se recurre". Ante ello, y conforme a lo indicado en Aponte v. Policía de PR, supra, prevalecería la LPAU, es decir, que presentar la reconsideración previo a la revisión judicial queda a discreción de las partes.

Empero, como bien se indicó anteriormente, en el 2003, la Asamblea Legislativa realizó una enmienda al referido artículo de la Ley de ASUME. Allí, se estableció que la solicitud de revisión judicial deberá ser presentada en el Tribunal de Apelaciones y no en el Tribunal Supremo. Ello, acorde con la Ley de la Judicatura del 2003 y la LPAU. Sin embargo, no se modificó el artículo para atemperarlo a la enmienda de la LPAU del 1995, la cual elimina el requisito jurisdiccional de presentar una moción de reconsideración antes de acudir en revisión judicial. Por el contrario, se mantuvo tal requisito. En consecuencia, debemos determinar si al mantener esa oración intacta se conserva el carácter jurisdiccional y debemos considerarlo como una expresión legislativa posterior a la enmienda de la LPAU. Concluimos que sí.

De un análisis del historial legislativo, podemos colegir que la Asamblea Legislativa tuvo ante su consideración este asunto. Particularmente, en el memorial explicativo de la Oficina de Administración de los Tribunales ante la Comisión de Bienestar Social y Comunidades Especiales del Senado de Puerto Rico se indicó lo siguiente:

> Deseamos señalar, sin embargo, que el proyecto mantiene el lenguaje vigente del Artículo 11A respecto a que será requisito jurisdiccional para acudir en revisión judicial ante el Tribunal de Circuito de Apelaciones el haber solicitado oportunamente la reconsideración de la orden de la cual se recurre. Cabe señalar que, la Ley Núm. 247 de 25 de diciembre de 1995

enmendó la Sección 3.15 de la Ley Núm. 170 para eliminar el requisito jurisdiccional de reconsideración de las determinaciones de las agencias y funcionarios administrativos. A la luz de lo anterior, consideramos que, debe evaluarse si es la intención legislativa mantener la reconsideración de la determinación administrativa como requisito jurisdiccional para poder acudir al Tribunal de Circuito de Apelaciones con un recurso de revisión judicial. Ponencia ante la Comisión de Bienestar Social y Comunidades Especiales, P. del. S. 2295, 5ta Ses. Ord., 14ta Asam. Leg. (2003) (ponencia de la Hon. Merdeces M. Bauermeister, Directora Administrativa de los Tribunales).

Según se desprende del citado memorial, la Asamblea Legislativa tuvo ante sí el señalamiento de que el Artículo 11A mantenía el requisito jurisdiccional de la reconsideración. A pesar de eso, decidieron mantener tal requisito.[11] Así lo confirma el Informe de la Comisión, en el cual se hace constar que se consideró el memorial explicativo presentado por la Oficina de Administración de los Tribunales. Incluso, se acogieron algunas de sus recomendaciones. Véase Informe sobre el P. del S. 2295 de 19 de junio de 2003, Senado de Puerto Rico, 5ta Ses. Ord., 14ta Asam. Leg. A tales efectos, concluimos que la Ley de ASUME es clara al exigir la reconsideración como requisito jurisdiccional para acudir en revisión judicial.

_____

[11] Cabe señalar que según se desprende de la misma ponencia, la Oficina de Administración de los Tribunales tuvo reparos con que en ese mismo Artículo 11A se mantuviera la oportunidad de ir en revisión al Tribunal de Primera Instancia de un decreto administrativo sobre alimento donde se hubiese determinado paternidad. Consideró que se apartaba de lo dispuesto en la Ley de la Judicatura de 1994, que estableció que ese tribunal es uno de jurisdicción original general.

Además del texto claro de la ley, varios criterios hermenéuticos nos mueven a concluir que, posterior a las enmiendas de 1995 a la LPAU, la intención legislativa fue mantener este requisito en cuanto a ASUME se refiere. Entre éstos, el acto legislativo de enmendar en el 2003 el Artículo 11A de la Ley de ASUME sin hacer cambio substancial alguno, después de tener conocimiento de lo expresado por el memorial explicativo.[12] A esto se añade que la vigencia del requisito sigue siendo compatible con el resto de la Ley de ASUME como un ente armónico. Departamento de Hacienda v. Telefónica, 164 DPR 195, 204 (2005).

En consecuencia, es forzoso sostener que lo expresado por el legislador tiene una razón y debe dársele tal efecto. El texto de una ley no ha sido aprobado por mero azar o por improvisación. Elfren Bernier y Cuevas Segarra, supra, pág. 316. Si bien la excepción a tales efectos es que el texto sea contrario al propósito legislativo, íd., pág. 299, lo relatado anteriormente demuestra que no tenemos ante nuestra consideración un escenario de esa naturaleza.[13]

---

[12] Más aún, hemos reconocido que "[l]a identidad de lenguaje tiene fuerza persuasiva en la tarea de hermenéutica estatutaria, pues se presume que la Asamblea Legislativa conoce la interpretación del foro judicial y la estima correcta". Martínez v. Junta de Planificación, 109 DPR 839, 841 (1980).

[13] Para una aplicación similar, donde se reafirma el texto original tras una enmienda, véase, por ejemplo, Flamboyán Gardens v. Junta de Planificación, 103 DPR 884, 888 (1975). En ese caso la Asamblea Legislativa al

**B.**

Determinado que, en el caso de la Ley de ASUME, la reconsideración es un requisito jurisdiccional para acudir en revisión judicial, es necesario determinar si la señora Cordero cumplió con tal requisito. Concluimos que no.

Tras la correspondiente petición de revisión o modificación de pensión alimentaria, la Administradora de ASUME emitió una Resolución. En ésta, se advirtió a las partes que podían solicitar revisión a un Juez Administrativo de ASUME dentro del término correspondiente. Asimismo, se advirtió que de la determinación de ese Juez Administrativo podían presentar una reconsideración dentro del término establecido en la ley y en el Reglamento. También, se indicó que la reconsideración es un requisito jurisdiccional para acudir en revisión ante el Tribunal de Apelaciones.

Ante ello, la peticionaria presentó *Moción Solicitando Reconsideración*. Tomada como una revisión, la Jueza Administrativa emitió Resolución en la que dictaminó no ha lugar al recurso presentado. En ella, se advirtió a las partes, nuevamente, que podían solicitar reconsideración dentro del término correspondiente. Así

_____

enmendar la Ley de Planificación y Presupuesto, añadió unas oraciones y mantuvo parte del estatuto original. Sobre este último, este Tribunal no acogió el planteamiento que con la enmienda hubo una repetición mecánica del lenguaje original, por lo que había que descartarlo.

también, se incluyó como advertencia que, emitida la determinación de la reconsideración, la parte adversamente afectada podía presentar una solicitud de revisión ante el Tribunal de Apelaciones. Además, se advirtió que "[l]a solicitud de Reconsideración es un requisito jurisdiccional para poder solicitar Revisión Judicial ante el Tribunal de Circuito de Apelaciones". Resolución, Anejo I, pág. 80. Inconforme, la señora Cordero presentó un *Alegato en Apelación* en el Tribunal de Apelaciones.

Del tracto procesal antes descrito, concluimos que la señora Cordero no presentó la reconsideración que impone la ley y el Reglamento como requisito jurisdiccional previo a la solicitud de revisión judicial. A pesar de presentar un escrito intitulado *Moción Solicitando Reconsideración*, lo que en realidad presentó fue una revisión ante la Jueza Administrativa. Incluso, el asunto se atendió como una revisión. Como es sabido, el nombre no hace la cosa. <u>Meléndez Ortiz v. Valdejully</u>, 120 DPR 1, 24 (1988); <u>Comisión de Servicio Público v. Tribl. Superior</u>, 78 DPR 239, 246 (1955). Así, se puede hacer caso omiso a los títulos de los recursos y considerarlos como corresponda. <u>Íd.</u> Por lo que su escrito no puede ser considerado como una reconsideración.

Tampoco nos convence el argumento de la peticionaria a los efectos de que por tratarse de un proceso de revisión de pensión debe acogerse su moción como una

reconsideración. Nada tiene que ver, como la peticionaria alega, que fuera en un proceso de revisión de pensión.[14] Nótese que el proceso de revisión de pensión es una nueva evaluación de la pensión, regulado por el Artículo 19(c) de la Ley de ASUME, y llevado a cabo por el Administrador de ASUME o un representante autorizado. 8 LPRA sec. 518(c). Por otra parte, la revisión administrativa es el proceso del cual se recurre ante un Juez Administrativo tras la determinación del Administrador. Ambos conceptos son asuntos totalmente distintos. En el caso de epígrafe, tras la correspondiente Resolución de la Jueza Administrativa, la peticionaria debió presentar una reconsideración de ese dictamen. Sin embargo, no lo hizo y acudió directamente al Tribunal de Apelaciones.

Por consiguiente, concluimos que el foro apelativo intermedio actuó correctamente al determinar que no tenía

---

[14] La Ley de ASUME define "revisión de la pensión" de la siguiente forma:

Nueva consideración o examen de la pensión que se efectúa cada tres (3) años luego de que fuera originalmente fijada o modificada o antes del término de tres (3) años previamente señalado, si cualquiera de las partes puede demostrar que ha ocurrido un cambio sustancial en las circunstancias de la persona custodia, de la persona no custodia o del menor alimentista. 8 LPRA sec. 501 (Sup. 2016).

Por otra parte, el Reglamento define "revisión de la pensión alimentaria" de la siguiente manera: "Nueva consideración o evaluación de la pensión alimentaria que se efectúa cada tres años, a partir de la fecha de efectividad de la orden que establece una pensión alimentaria". Reglamento del Procedimiento Administrativo Expedito de la Administración para el Sustento de Menores, Núm. 7583, 10 de octubre de 2008, R. 5(52).

jurisdicción. La peticionaria incidió al no cumplir con el requisito jurisdiccional de presentar la reconsideración ante la Jueza Administrativa. En consecuencia, procedía la desestimación del recurso.

**V**

En virtud de lo que antecede, expedimos el recurso de *certiorari* presentado y confirmamos la Sentencia emitida por el Tribunal de Apelaciones mediante la cual se desestima el recurso de revisión presentado por la peticionaria.

Se dictará Sentencia de conformidad.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lorel E. Cordero Vargas

    Peticionaria

      v.                  CC-2016-1094        Certiorari

Carlos J. Pérez Pérez

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 9 de agosto de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el recurso de *certiorari* presentado y se confirma la Sentencia emitida por el Tribunal de Apelaciones mediante la cual se desestima el recurso de revisión presentado por la peticionaria.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo