Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RAÚL SANTINI RIVERA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>Recurrido | KLRA202500249 | ***Revisión Administrativa***<br>Procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.:<br>2023-17-1361<br><br>Sobre:<br>Clasificación de Puesto |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2025.

El recurrente, Raúl Santini Rivera (en adelante, señor Santini Rivera) solicita que revoquemos la *Resolución* emitida el 1 de abril de 2025, notificada el 2 de abril de 2025, en la que la Comisión Apelativa del Servicio Público (en adelante, CASP), se declaró sin jurisdicción para atender la Apelación presentada por este por falta de jurisdicción.

**I.**

Los hechos pertinentes para comprender nuestra determinación son los siguientes. El recurrente ocupa un puesto de carrera de Coordinador para el Manejo de Zona Costera, en el Departamento de Recursos Naturales y Ambientales (en adelante, DRNA). El 23 de febrero de 2023, el DRNA le notificó al señor Santini Rivera sobre su nuevo puesto y retribución de conformidad con la implementación del Plan de Clasificación de Puestos y Retribución. Además, en dicha comunicación, el DRNA dispuso lo siguiente:

> De usted no estar de acuerdo con la acción notificada, se le apercibe su derecho a presentar una solicitud escrita de revisión administrativa ante la Autoridad Nominadora de la Agencia a la que usted pertenece

Número Identificador

SEN2025_____

dentro de 30 días calendario, contados a partir del recibo de esta comunicación.

De usted presentar una solicitud de revisión administrativa, su reclamación se referirá a un Comité Revisor, que tendrá la encomienda de evaluar los planteamientos con relación a la implantación del Plan de Clasificación de puestos y las correspondientes estructuras salariales. Dicho Comité formulará sus recomendaciones y las remitirá a la Autoridad nominadora.

La Autoridad Nominadora tendrá un término de sesenta (60) días calendario contados a partir de su solicitud, para notificarle mediante comunicación escrita la determinación tomada con los fundamentos en que apoya la misma.

Los términos antes aludidos aplicaran tanto al personal unionado como el no unionado.

Ahora bien, de la decisión tomada en torno a la revisión administrativa radicada no resultar satisfactoria, usted podrá recurrir mediante apelación ante la Comisión Apelativa del Servicio Público (CASP) dentro del término de treinta (30) días calendario, contados a partir del recibo de la notificación de la determinación final suscrita por la Autoridad Nominadora, o Solicitud de Arbitraje de Quejas y Agravios, según aplique. Igualmente, si dentro del aludido término de sesenta (60) días calendario de usted haber presentado por escrito su solicitud de revisión administrativa, no se ha tomado una determinación sobre su caso, usted podrá recurrir ante la CASP para presentar una apelación dentro del término de treinta (30) días calendario, contados a partir del vencimiento de los sesenta (60) días, o Solicitud de Arbitraje de Quejas y Agravios, según aplique.[1]

Inconforme con dicha notificación, el 27 de marzo de 2023, el recurrente presentó una solicitud de revisión administrativa ante el Comité Revisor del DRNA. El 6 de junio de 2023, notificada a la mano, el 27 de junio de 2023, el DRNA le informó al señor Santini Rivera su determinación con respecto a su solicitud ante el Comité Revisor. En lo pertinente a la controversia ante nos, al final de dicha determinación, el DRNA apercibió al recurrente que "podrá recurrir mediante Apelación o Solicitud de Arbitraje de Quejas y Agravios, según aplique, ante la Comisión Apelativa del Servicio Público

---

[1] Apéndice del *Recurso de Revisión*, páginas 40 a 42.

dentro del término de treinta (30) días contados a partir del recibo de esta notificación".[2]

El 21 de julio de 2023, el recurrente radicó en la CASP una *Solicitud de Apelación*, por derecho propio. Por su parte, el 23 de febrero de 2024, el DRNA presentó su *Contestación a Apelación,* en la que solicitó la desestimación del recurso apelativo. Alegó como defensa afirmativa que el recurrente tuvo la oportunidad de solicitar la revisión administrativa dentro de un periodo de treinta (30) días desde que la agencia le notificó la determinación y que la misma estaba parcial o completamente prescrita, entre otras defensas afirmativas presentadas.[3] Transcurrido más de un año y medio de presentada la *Apelación,* el 26 de febrero de 2025, la CASP emitió *Resolución* en la que desestimó el recurso por falta de jurisdicción.

En respuesta, el recurrente radicó *Moción en Solicitud de Reconsideración,* a la que el DRNA replicó solicitando el cierre y desestimación del caso.[4] Ante ello, el 1 de abril de 2025, notificada el 2 de abril de 2025, la CASP mediante *Resolución* declaró No Ha Lugar la *Solicitud de Reconsideración.[5]*

Inconforme con el proceder de la CASP, el recurrente presentó este recurso en el que alega que:

> Erró la Hon. Comisión Apelativa del Servicio Público al declararse sin jurisdicción, aun cuando la Apelación radicada por el Apelante fuese presentada dentro de los treinta (30) días de notificada la determinación del DRNA denegando la solicitud de revisión presentada por este ante el Comité Revisor y conforme fuese apercibido por el Departamento.

## II.

### A. Revisión Judicial

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601

---

[2] Apéndice del *Recurso de Revisión,* pág. 4.
[3] Apéndice del *Recurso de Revisión,* págs. 21 a 24.
[4] Apéndice del *Recurso de Revisión,* págs. 44 a 50.
[5] Apéndice del *Recurso de Revisión,* págs. 51 a 54.

*et seq.,* (en adelante, LPAU) establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por las agencias administrativas de Puerto Rico. En virtud de dicha ley, una parte que haya sido afectada adversamente por una orden o resolución final de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Conforme dispone la LPAU, sus disposiciones son aplicables a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos a ser revisadas por el Tribunal de Apelaciones mediante recurso de revisión, con excepción de las dictadas por el Secretario de Hacienda con relación a las leyes de rentas internas del Gobierno de Puerto Rico, y aquellas del Centro de Recaudación de Ingresos Municipales (CRIM) con relación a las deficiencias, tasaciones e imposiciones contributivas de la Ley sobre la Contribución sobre la Propiedad Mueble e Inmueble. Véase, Sec. 3.7 de la LPAU, 3 LPRA sec. 9671.

Cabe destacar que, en cuanto al alcance de revisión judicial en las determinaciones administrativas, es la función del foro judicial asegurarse que los dictámenes de los organismos administrativos se ciñan a sus facultades, conforme la ley que las habilita. Las determinaciones de hechos de las decisiones de estas serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. Al revisar las conclusiones de derecho, el foro judicial considerará el *expertise* de la agencia en la interpretación de la ley que implanta, pero no estará obligado a guiarse por su criterio como una norma

ciega de deferencia automática. 3 LPRA sec. 9675; *Vázquez v. Consejo de Titulares,* 2025 TSPR 56. La revisión se limita a determinar si la agencia actuó arbitraria, ilegal o irrazonablemente en abuso a su discreción. *Pérez López v. Depto. de Corrección,* 208 DPR 656, 673 (2022).

### B. Doctrina *ultra vires*

Los organismos administrativos deben hacer sus decisiones sin apartarse de la ley habilitadora, aunque persigan un aparente propósito legítimo. La ley no puede ser sustituida por la necesidad y la conveniencia como fuentes de poder cuasi legislativo o cuasi adjudicativo. Cualquier duda en cuanto a la existencia de estos poderes, debe resolverse en contra de su ejercicio. Las agencias no pueden actuar más allá de los poderes que les fueron delegados y toda actuación administrativa que no obedezca el poder conferido en ley, debe catalogarse como *ultra vires* y por ende nula. *AAA v. UIA,* 199 DPR 638, 652 (2018). De ahí que no puedan imponer mediante un reglamento más limitaciones de las que autoriza su ley habilitadora. *Ayala Hernández v. Consejo de Titulares,* 190 DPR 547, 568-569 (2014).

Sin embargo, el alcance de los poderes delegados a las agencias no debe limitarse a una interpretación restrictiva de su estatuto habilitador. La interpretación de la ley debe ser cónsona a la intención legislativa, la política pública y el interés social que la inspira. Durante ese ejercicio, las diferentes secciones de la ley deberán interpretarse en conjunto, armoniosa y no aisladamente, para evitar resultados desatinados, confusos, absurdos e irrazonables. *Ayala Hernández v. Consejo de Titulares, supra,* pág. 560. Si bien, se reconoce que las agencias pueden interpretar amplia, abarcadora y flexiblemente los poderes que ostentan no quiere decir que pueden exceder los mismos e imponer requisitos jurisdiccionales excediendo los contornos de su ley habilitadora

mediante reglamentación. *Perfect Cleaning v. Cardiovascular*, 162 DPR 745, 762 (2004).

Es decir, las agencias no tienen la autoridad para adoptar reglamentación que imponga requisitos adicionales o distintos a los que impone la LPAU. Ello incluye los asuntos de revisión judicial. *ACT v. Prosol et als.*, 210 DPR 897, 910 (2022); *Cordero Vargas v. Pérez Pérez*, 198 DPR 848, 858 (2017); *López Rivera v. Adm. de Corrección*, 174 DPR 247, 254 (2008). Categóricamente el Tribunal Supremo de Puerto Rico ha establecido que, las agencias carecen de facultad para adoptar reglamentación que imponga requisitos adicionales a aquellos establecidos por las leyes que rigen la revisión de la agencia. *Perfect Cleaning v. Cardiovascular, supra,* pág. 760.

Con lo anterior, los tribunales al determinar si una agencia se excedió en su autoridad al ejercer su función de reglamentación debemos evaluar: (1) si se le delegó el poder de reglamentación, (2) si la actuación administrativa está autorizada por ley, (3) si la reglamentación promulgada está dentro de los amplios poderes delegados, (4) si al aprobarse el reglamento se cumplió con las normas procesales de la ley habilitadora de la agencia y la LPAU, (5) si la reglamentación es arbitraria o caprichosa. Si la regla o reglamento no se aprobó con arreglo a todos estos requisitos, hay que concluir que la agencia actuó *ultra vires*. *Vistas Health Care Corporation v. Hosp. La Fe*, 190 DPR 56, 66-67 (2014); *Ayala Hernández v. Consejo de Titulares, supra,* pág. 560*; Perfect Cleaning v. Cardiovascular, supra*, pág. 759.

### C. Apelación ante la CASP

La Comisión Apelativa del Servicio Público fue creada mediante el Plan de Reorganización Núm. 2-2010, 3 LPRA Ap. XIII, en el que se fusionó la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público y la Comisión de Relaciones del Trabajo del Servicio Público. La CASP

es un organismo administrativo cuasi-judicial especializado en el que se atienden casos laborales, de administración de recursos humanos y querellas, tanto al amparo de la Ley de Relaciones del Trabajo del Servicio Público, 3 LPRA sec. 1451, *et seq.*, como la Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, 3 A LPRA Ap. XIII, Art.4.

La Comisión tendrá jurisdicción exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación: ... a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107-2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;.. g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos.  3A LPRA Ap. XIII, Art. 12.

Entre las funciones conferidas a la CASP en su ley habilitadora y pertinentes a nuestra controversia se encuentran las siguientes:

> …
> b) aprobar toda la reglamentación necesaria para garantizar el fiel cumplimiento de lo dispuesto en este Plan y cualquier otra ley relacionada a las facultades y funciones conferidas a la Comisión;
> c) realizar, a petición de parte o por iniciativa propia, todas las audiencias, vistas públicas o privadas, reuniones, encuestas e investigaciones que, en opinión de la Comisión, sean necesarias y adecuadas para el

ejercicio de las facultades que le confiere este Plan. A tales fines, la Comisión o su representante tendrá acceso a cualquier evidencia de cualquier persona que esté siendo investigada o contra la cual se haya procedido y que se refiera a cualquier asunto que esté investigando la Comisión o que esté en controversia;

...

i) conceder los remedios que estime apropiados y emitir las órdenes que sean necesarias y convenientes conforme a las leyes aplicables. Esto incluye, entre otras, órdenes provisionales o permanentes de cesar y desistir; órdenes para la reposición de empleados suspendidos o destituidos, con o sin el abono de la paga atrasada dejada de percibir y la concesión de todos los beneficios marginales a los cuales los empleados hubiesen tenido derecho durante el período de suspensión o destitución; órdenes imponiendo sanciones económicas o procesales a agencias, funcionarios o representantes legales por incumplimiento o dilación de los procedimientos; y órdenes imponiendo sanciones a agencias, organizaciones sindicales o representantes exclusivos, incluyendo la descertificación de estos últimos;

j) conceder indemnizaciones por daños y perjuicios e imponer multas administrativas en todo tipo de discrimen que sea probado por los empleados que acuden ante este foro, sin menoscabo de los derechos de los servidores públicos de recurrir al foro judicial para el reclamo de daños y perjuicios cuando no lo reclamen ante la Comisión;

...

l) atenderá toda querella o apelación que se presente oportunamente y que concierna a su jurisdicción, para lo cual deberá interpretar, aplicar y hacer cumplir las disposiciones de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada, conocida como la "Ley para la Administración de los Recursos Humanos en el Estado Libre Asociado de Puerto Rico[6] y reglamentación vigente, en todo lo relativo a la administración de los recursos humanos y la relación obrero patronal;

...

3 A LPRA Ap. XIII, Art.8.

Por tanto, la CASP es un ente adjudicativo creado con jurisdicción apelativa exclusiva para atender y adjudicar las apelaciones de los empleados públicos del Gobierno de Puerto Rico. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1053 (2013). El Artículo 13 del Plan de Reorganización Núm. 2, *supra*, establece las condiciones con las cuales una parte debe cumplir para acudir ante la CASP en apelación. El procedimiento para iniciar una querella o

---

[6] Derogado el 4 de febrero de 2017 por la Ley Núm. 8 para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico, según enmendada.

apelación por una parte adversamente afectada en aquellos casos contemplados bajo el Artículo 11 del Plan de Reorganización Núm. 2, *supra,* establece que la parte afectada presentará escrito de apelación a la CASP dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que se le notifica la acción o decisión.

Cónsono con lo anterior, la Sección 1.2 del Art. I del Reglamento Procesal de la CASP, Reglamento Núm. 7313, del 6 de marzo de 2007, establece primeramente, que, la solicitud de apelación se radicará en la Secretaría de la Comisión dentro del término jurisdiccional de treinta (30) días consecutivos a partir de la fecha de notificación de la acción o decisión objeto de apelación en caso de habérsele cursado comunicación escrita, o desde que advino en conocimiento de la acción o decisión por otros medios.  En segundo orden establece que; de no existir una determinación final escrita, y la parte afectada hubiese hecho un planteamiento o reclamo, por escrito a la Autoridad Nominadora, y no reciba respuesta alguna en los siguientes sesenta (60) días desde que cursó la misiva, la parte afectada tendrá un plazo jurisdiccional de treinta (30) días, contados a partir del vencimiento del término de sesenta (60) días, para presentar una solicitud de apelación ante la Comisión.

Por último, el Artículo 18 del Plan de Reorganización Núm. 2, *supra,* dispone que solo estarán excluidos de las disposiciones de la LPAU los procedimientos de Métodos de Resolución de Conflictos, como la mediación, conciliación y arbitraje, entre otros, que se lleven a cabo en la CASP.

### III.

El señor Santini Rivera alega que erró la CASP al declarar sin jurisdicción la *Apelación* por entender que la misma fue presentada fuera de término.  En específico, arguye que este acudió dentro de

los treinta (30) días de notificada la determinación del DRNA, en cumplimiento con el término dispuesto por la CASP.

Le asiste la razón. En los autos del expediente ante nos, surge que el 23 de febrero de 2023, el DRNA le notificó al recurrente sobre su nuevo puesto y retribución. Inconforme, el 27 de marzo de 2023, este presentó una solicitud de revisión ante el DRNA. El 27 de junio de 2023, luego de ciento veinticuatro (124) días desde que se presentó la revisión administrativa, el DRNA contestó su determinación notificándole que de no estar de acuerdo con la misma "podrá recurrir mediante Apelación o Solicitud de Arbitraje de Quejas y Agravios, según aplique, ante la Comisión Apelativa del Servicio Público dentro del término de treinta (30) días contados a partir del recibo de esta notificación".[7] En desacuerdo y, conforme la advertencia antes transcrita, el 21 de julio de 2023, el recurrente presentó su *Apelación* ante la CASP.[8]

Por su parte, la CASP aduce que, según su reglamentación, el recurrente tenía hasta el 2 de junio de 2023 para presentar la apelación, ya que en esa fecha vencían los noventa (90) días para presentar la *Apelación*—entiéndase los sesenta (60) días en que la agencia no contestó, más los (30) días para ir en apelación a la CASP luego del vencimiento de esos sesenta (60) días.

Según reseñamos, las agencias administrativas no tienen la autoridad para adoptar una reglamentación que imponga términos para la reconsideración o revisión judicial distintos a los dispuestos en su ley habilitadora. Véase, *Cordero Vargas v. Pérez Pérez, supra,* pág. 858; *ACT v. Prosol et als., supra,* pág. 910; *López Rivera v. Adm. de Corrección, supra,* pág. 254. Actuar distinto a los poderes que se le confirió mediante legislación, es una acción *ultra vires.*

---

[7] Apéndice del *Recurso de Revisión,* pág. 4.
[8] Apéndice del *Recurso de Revisión,* págs. 1 a 3.

La ley habilitadora de la CASP expresamente establece que la parte afectada tiene un término jurisdiccional de treinta (30) días para presentar escrito de apelación, contados a partir de la fecha en que se le notifica la acción o decisión. Véase, Art. 13 del Plan de Reorganización Núm. 2, *supra.* No obstante, la Sección 1.2 del Art. I del Reglamento Procesal de la CASP, *supra,* cambió su jurisdicción al añadir que ante la inacción de la agencia durante sesenta (60) días, comenzarán los (30) días jurisdiccionales para presentar su apelación. Dicha disposición reglamentaria altera los propósitos de su ley habilitadora y altera la jurisdicción en contravención a sus facultades y ejerciendo poderes que no le fueron conferidos. Recordemos que "cuando la ley concede un remedio exclusivo, un reglamento no puede conceder mayores ni menores derechos a los que exclusivamente se reconocen mediante el texto de la ley". *Pueblo v. Barahona Gaitán,* 201 DPR 567, 577, (2018) citando a J.A. Echevarría Vargas, *Derecho administrativo puertorriqueño*, 4ta ed. rev., San Juan, Eds. Situm, 2017, pág. 130. Por lo tanto, resolvemos que la CASP actuó de manera *ultra vires* al añadir términos apelativos jurisdiccionales que contradicen su ley habilitadora y los términos para la reconsideración o revisión judicial dispuestos en la LPAU.

Nótese que, la CASP es un organismo cuasi-judicial con jurisdicción apelativa exclusiva para atender y adjudicar las apelaciones de los empleados públicos del Gobierno de Puerto Rico. Por tanto, la CASP, en su complejidad, es un foro apelativo como este Tribunal, que le aplica las disposiciones de revisión judicial contenidas en la LPAU. Nos parece que aquí la reglamentación de la CASP incorpora un lenguaje que guarda cierta similitud a la moción de reconsideración de su propia ley habilitadora y la LPAU. Allí, si la agencia acoge la moción de reconsideración, pero deja de

tomar alguna acción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término. Véase, Sec. 3.15 de la LPAU, *supra;* Art. 14 del Plan de Reorganización Núm. 2, *supra.* No obstante, en el caso ante nos, la recurrente solicitó una revisión administrativa, no una reconsideración ante el DRNA.

Por último, conviene que aclaremos que este caso es distinto al *R&B Power, Inc. v. Junta de Subasta ASG*, 213 DPR 685 (2024). Allí, el Tribunal Supremo de Puerto Rico resolvió que la Junta Revisora de Subastas de la Administración de Servicios Generales del Gobierno de Puerto Rico (Junta Revisora) actúa con jurisdicción sobre una revisión administrativa, aun cuando la resuelve fuera del término original con el que contaba para ello, siempre y cuando emita su determinación antes de que transcurra el término para acudir en revisión al Tribunal de Apelaciones y de que se presente un recurso ante ese foro. No obstante, en el referido caso la Junta Revisora contemplaba en su ley habilitadora el término para los casos en que la agencia no conteste. Íd., págs. 706-707. Según vimos, el término dispuesto por la CASP no se encuentra en su ley habilitadora, sino que, en su Reglamento Procesal, *supra.* Por ende, dicha disposición limita su jurisdicción en abierta contradicción a su ley habilitadora.

En fin, resolvemos que el término de sesenta (60) días que requiere el Reglamento de la CASP, *supra,* cuando la agencia no contesta para comenzar el término de revisión apelativa es *ultra vires* y, por consiguiente, nulo. Por último, la CASP no posee autoridad alguna para disponer términos a otro organismo administrativo, en este caso el DRNA para atender los asuntos ante su consideración.

**IV.**

Por los fundamentos antes expresados se revoca la *Resolución* apelada y se ordena la continuación de los procedimientos ante la CASP. Además, se decreta la nulidad de la Sección 1.2 del Art. I del Reglamento Procesal de la CASP, supra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones