EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Autoridad de Carreteras y Transportación<br><br>Peticionaria<br><br>v.<br><br>Programa de Solidaridad UTIER (PROSOL), Capítulo de la Autoridad de Carreteras<br><br>Recurrido<br><br>Asociación de Empleados Gerenciales y Supervisores de la Autoridad de Carreteras<br><br>Recurrida<br><br>──────────────────<br><br>Autoridad de Carreteras y Transportación<br><br>Recurrida<br><br>v.<br><br>Programa de Solidaridad UTIER, (PROSOL), Capítulo de la Autoridad de Carreteras<br><br>Recurrido<br><br>Asociación de Empleados Gerenciales y Supervisores de la Autoridad de Carreteras<br><br>Peticionaria | Certiorari<br><br>2022 TSPR 139<br><br>210 DPR ____ |

Número del Caso:  CC-2021-337
                  cons. con
                  CC-2021-353


Fecha: 16 de noviembre de 2022


Tribunal de Apelaciones:

     Panel IV

Abogada de la Autoridad de Carreteras
y Transportación:

    Lcda. María Elena Vázquez Graziani


Abogado del Programa de Solidaridad
UTIER (PROSOL), Capítulo de la Autoridad
de Carreteras

    Lcdo. Rafael A. Ortiz Mendoza



Abogado de la Asociación de Empleados
Gerenciales y Supervisores de la Autoridad
de Carreteras

    Lcdo. Jesús R. Morales Cordero


Materia: Derecho Administrativo - Las agencias no están facultadas para, mediante determinación administrativa, variar el término jurisdiccional de veinte (20) días para presentar una moción de reconsideración.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Autoridad de Carreteras y Transportación<br><br>Peticionaria<br><br>v.<br><br>Programa de Solidaridad UTIER (PROSOL), Capítulo de la Autoridad de Carreteras<br><br>Recurrido<br><br>Asociación de Empleados Gerenciales y Supervisores de la Autoridad de Carreteras<br><br>Recurrida | CC-2021-0337<br><br>cons. con<br><br>CC-2021-0353 | Certiorari |
| Autoridad de Carreteras y Transportación<br><br>Recurrida<br><br>v.<br><br>Programa de Solidaridad UTIER, (PROSOL), Capítulo de la Autoridad de Carreteras<br><br>Recurrido<br><br>Asociación de Empleados Gerenciales y Supervisores de la Autoridad de Carreteras<br><br>Peticionaria | | |

Opinión del Tribunal emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 16 de noviembre de 2022.

Anteriormente hemos expresado que la reglamentación de una agencia no puede contravenir lo dispuesto en la Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 et seq. (LPAU). En esta ocasión, por primera vez debemos expresarnos en torno al alcance del decreto unilateral de cierre de una agencia administrativa cobijada por la LPAU que, a su vez, tiene el efecto de extender el plazo dentro del cual se debe presentar una solicitud de reconsideración ante sí. Dado el carácter novel de estas acciones administrativas, debemos precisar cuál es el efecto que tiene una reconsideración presentada fuera del término dispuesto en la LPAU, pero dentro del periodo que la agencia extendió mediante orden administrativa, para propósitos de la posterior revisión judicial de la orden o resolución final de la agencia. Ello con el propósito de determinar si el Tribunal de Apelaciones actuó correctamente al desestimar ciertos recursos de revisión judicial por falta de jurisdicción.

Con lo anterior en mente, procedemos a exponer el trasfondo fáctico y procesal que originó la controversia del caso de epígrafe.

**I**

En el 2014, el Programa de Solidaridad UTIER (PROSOL), Capítulo de la Autoridad de Carreteras, presentó

una petición ante la Junta de Relaciones del Trabajo (Junta) para que clarificara que ciertos puestos de la Autoridad de Carreteras (ACT) fueran incluidos como parte de su unidad apropiada. Posteriormente, se autorizó la intervención de la Asociación de Gerenciales y Supervisores de la Autoridad de Carreteras y Transportación (AEGSAC), entidad representante de los empleados y las empleadas que ocupan los puestos que son objetos de la petición de clarificación de unidad. Tanto la ACT y la AEGSAC (en conjunto, Peticionarias) se opusieron a lo solicitado por PROSOL y peticionaron la desestimación. No obstante, la Junta denegó ambas solicitudes.

Tras múltiples incidencias procesales que resultan innecesarias pormenorizar, en el 2019, la División de Investigaciones de la Junta emitió un informe en el que recomendó que los puestos fueran incluidos en la unidad apropiada que representa PROSOL.[1]

Así las cosas, el **9 de diciembre de 2020,** la Junta dictó dos (2) determinaciones intituladas <u>Decisión y Orden</u> mediante las cuales acogió el informe de la División de Investigaciones y declaró <u>con lugar</u> la petición de

---

[1]Posteriormente, tal división emitió un informe suplementario en el cual reiteró las recomendaciones emitidas originalmente.

clarificación de unidad apropiada instada por PROSOL.[2] Ambas determinaciones se notificaron el mismo día y apercibieron a las partes sobre su derecho a solicitar reconsideración ante la Junta o acudir directamente al Tribunal de Apelaciones por vía de un recurso de revisión judicial dentro del término de veinte (20) o treinta (30) días, respectivamente. Además, especificaron que los términos apercibidos se computarían a base de días naturales.

En el ínterin, el **21 de diciembre de 2020**, la Junta emitió la Orden Administrativa Núm. 2020-03. A través de esta, se anunció que "[l]a Junta de Relaciones del Trabajo recesará durante los días 28, 29 y 30 de diciembre de 2020", por lo que los empleados disfrutarían de los días mencionados con cargo a sus respectivas licencias de vacaciones.[3] Asimismo, en lo que concierne a esta controversia, la orden administrativa dispuso lo siguiente:

> [L]a División de Secretaría deberá promulgar la presente Orden para anunciar la disponibilidad de las direcciones de correo electrónico: info@jrt.pr.gov y radicaciones@jrt.pr.gov para cualquier información, orientación o trámite que la ciudadanía requiera de nuestra Agencia. […]

---

[2]Refiérase a Decisión y Orden D-2020-1533/2020 DJRT 35 en el caso PC-2014-01, E-01 y Decisión y Orden D-2020-1534/2020 DJRT 36 en el caso PC-2014-06, E-01.

[3]Apéndice de certiorari en el CC-2021-0353, Orden administrativa, pág. 586.

[…]

> En lo que respecta a los términos prescritos para la presentación de escritos, información y/o documentos ante la Junta y que venzan durante las fechas antes mencionadas, se entenderá que dichos términos quedan extendidos hasta el próximo día de operaciones, o sea, el 4 de enero de 2021.[4]

El **28 de diciembre de 2020**, uno de los días cobijados por el receso decretado, la AEGSAC presentó una moción en la que expresó que las determinaciones de la Junta fueron notificadas incorrectamente.

Culminado el receso decretado —esto es, el **4 de enero de 2021**—, la AEGSAC presentó dos (2) solicitudes de reconsideración cuestionando los méritos de ambas determinaciones nombradas Decisión y Orden. Por su parte, el 5 de enero de 2021, la ACT radicó una (1) moción de reconsideración cuestionando la Decisión y Orden.[5]

Ante ello, el **3 de febrero de 2021**, la Junta emitió dos (2) decisiones intituladas Resolución en reconsideración en las que concluyó que la notificación se realizó correctamente y, tras reconsiderar parcialmente el laudo original, declaró no ha lugar el resto de lo peticionado. Estas resoluciones fueron notificadas el **11 de febrero de 2021** e incluyeron una advertencia sobre el derecho de presentar un recurso de revisión judicial ante

---

[4]Íd.

[5]Esta corresponde a la Decisión y Orden D-2020-1533/2020 DJRT 35 en el caso PC-2014-01, E-01.

el Tribunal de Apelaciones dentro del término de treinta (30) días.

La AEGSAC, previo a acudir en revisión judicial, presentó una Solicitud de enmienda nunc pro tunc de la resolución en reconsideración. Esto con el propósito de que la Junta consignara que el plazo para presentar la solicitud de reconsideración fue extendido hasta el 4 de enero de 2021. Específicamente, la AEGSAC arguyó que en la Resolución de la Junta:

> [S]e omite mencionar que de conformidad con lo establecido en la Orden Administrativa 2020-03 emitida el 21 de diciembre de 2020 […] el plazo para presentar la solicitud de reconsideración venció el 4 de enero de 2021. **Ello porque a la fecha en que vencía el plazo original (29 de diciembre de 2020) la Junta estaba en receso lo que generó que se extendieran los plazos hasta el 4 de enero de 2021** cuando se reanudaron las operaciones de la Junta. **Esa omisión puede crear confusión en el Foro Judicial sobre la existencia de su jurisdicción en los asuntos que sean objeto de revisión administrativa** de conformidad con lo dispuesto en la Ley 38-2017 de Procedimiento Administrativo Uniforme.[6]

A pesar de que la Junta denegó el petitorio, consignó que la reconsideración presentada por la AEGSAC fue oportuna. Particularmente, la Junta expresó lo siguiente:

> [M]ediante **la Orden Administrativa 2020-03,** emitida por la Junta el 21 de diciembre de 2020, se **decretó un cierre administrativo en la Junta por**

---

[6](Negrillas suplidas). Apéndice de certiorari en el CC-2021-0353, Solicitud de enmienda nunc pro tunc de la resolución en reconsideración, págs. 212, 540.

**lo que se extendieron los términos para presentar documentos hasta el 4 de enero de 2021,** fecha de reanudación de operaciones de la agencia. Fue en esa fecha que la [AEGSAC] presentó moción de reconsideración a la Decisión y Orden emitida el 9 de diciembre de 2020 en este caso. **Es decir, dentro del término para así hacerlo.**[7]

Confiando en lo anterior, el lunes, 15 de marzo de 2021, la ACT y la AEGSAC presentaron uno y dos recursos, respectivamente, ante el Tribunal de Apelaciones.[8] En esencia, en estos se cuestionaron las determinaciones de la Junta con respecto a la incorporación de ciertos puestos en la unidad apropiada del sindicato de PROSOL.

Así las cosas, el 30 de marzo de 2021, el Tribunal de Apelaciones notificó una <u>Sentencia</u> mediante la cual consolidó los recursos y, subsiguientemente, se declaró sin jurisdicción. Fundamentó su determinación en que, a tenor con la LPAU y el Reglamento Núm. 7947 de la Junta, las Peticionarias tenían veinte (20) días —esto es, hasta el 29 de diciembre de 2020—, para presentar sus correspondientes solicitudes de reconsideración e incumplieron con ello. Puntualizó que, toda vez que las reconsideraciones fueron presentadas el 4 y 5 de enero de 2021, estas fueron tardías, pues la Orden Administrativa

---

[7](Negrillas suplidas). Íd., <u>Resolución</u>, pág. 216.

[8]No existe controversia sobre que, dado a que el plazo para acudir en revisión judicial expiró el sábado, 13 de marzo de 2021, las partes comparecieron dentro del término ordenado por la Junta.

Núm. 2020-03 no podía tener el efecto de aplazar los términos contenidos en la LPAU.

Con base en lo anterior, precisó que la Junta no tenía jurisdicción para acoger las reconsideraciones presentadas fuera de término, por lo que las dos (2) determinaciones intituladas Resolución en reconsideración son inoficiosas y no interrumpieron el término para acudir en revisión judicial al foro apelativo intermedio.

Insatisfechas, las Peticionarias solicitaron oportunamente la reconsideración del dictamen. Sin embargo, estas fueron denegadas mediante una Resolución notificada el 27 de abril de 2021.[9]

Aún en desacuerdo, la ACT y la AEGSAC presentaron oportunamente sendos recursos de certiorari ante este Tribunal. En esencia, la ACT cuestiona que el Tribunal de Apelaciones desestimara su recurso de revisión judicial por falta de jurisdicción. Enmarca su reclamo en que la actuación de la Junta constituye una notificación defectuosa que no puede serle oponible.

De forma similar, la AEGSAC arguye que es injusto que se le prive de acceso a los tribunales, pues descansó en las múltiples representaciones de la Junta para computar el plazo para acudir en revisión judicial. Asimismo, expone que procede que se excluyan del plazo para presentar la solicitud de reconsideración los días durante los

---

[9]La Hon. Jueza Cintrón Cintrón hizo constar que reconsideraría.

cuales la Junta estaba en receso, aunque tales días no fueran declarados días feriados.

El 25 de junio de 2021, expedimos los recursos de autos y ordenamos su consolidación. Tras contar con la comparecencia de todas las partes, procedemos a resolver la controversia ante nuestra consideración.

**II**

**A.**

Como es conocido, el Derecho Administrativo regula los trámites, los poderes y las responsabilidades de las agencias administrativas, las exigencias legales para efectuar tales acciones y los remedios que tienen disponibles las partes afectadas por la actuación de una agencia.[10] De conformidad con ello, la LPAU codifica las pautas mínimas que deben garantizar las agencias administrativas cobijadas por ese estatuto. Véase, Fonte Elizondo v. F & R Const., 196 DPR 353, 358 (2016).

En ese sentido, la LPAU establece "'un procedimiento uniforme de revisión judicial a la acción tomada por la agencia al adoptar un reglamento o al adjudicar un caso'". Cordero Vargas v. Pérez Pérez, 198 DPR 848, 857 (2017) (cita omitida); Vitas Health Care v. Hospicio La Fe et al., 190 DPR 56, 66 (2014). Esta uniformidad incluye, entre otros aspectos, el plazo para "la presentación de una

---

[10]Véase, J. Echevarría Vargas, Derecho administrativo puertorriqueño, 4ta ed. rev., San Juan, Ed. Situm, 2017, pág. 17.

moción de reconsideración ante las agencias[, así] como para recurrir en revisión judicial ante el Tribunal de Apelaciones". SLG Saldaña-Saldaña v. Junta, 201 DPR 615, 621 (2018) (citando a Fonte Elizondo v. F & R Const., supra, pág. 358).

En particular, la Sec. 3.15 de la LPAU, supra, provee para que se pueda solicitar la reconsideración ante una agencia administrativa. Al respecto, la disposición antes citada establece que:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. 3 LPRA sec. 9655.

Ahora bien, el derecho a cuestionar la determinación emitida por una agencia administrativa mediante la revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico. Asoc. Condómines v. Meadows Dev., 190 DPR 843, 847 (2014) (citas

omitidas).[11] Respecto a la revisión judicial, la Sec. 4.2 de la LPAU, <u>supra</u>, dispone que:

> Una parte adversamente afectada por una orden o resolución final de una agencia […] podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. 3 LPRA sec. 9672.

Como vemos, una parte afectada por una orden o resolución final de una agencia posee el derecho de incoar un recurso de revisión judicial ante el Tribunal de Apelaciones. No obstante, el término jurisdiccional de treinta (30) días para acudir al foro apelativo intermedio comenzará a decursar a partir de la fecha en que se archive en autos la notificación de la resolución o desde que interrumpa ese término mediante la presentación oportuna de una moción de reconsideración ante la agencia dentro del término jurisdiccional de veinte (20) días. <u>Asoc. Condómines v. Meadows Dev.</u>, supra.

---

[11]Con el propósito de cumplir con este principio, la <u>Ley de la judicatura de 2003</u> le otorga al Tribunal de Apelaciones la competencia apelativa para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas. Estas revisiones, de ordinario, "se tramitará[n] de conformidad con las disposiciones de la […] 'Ley de Procedimiento Administrativo Uniforme'". Ley Núm. 201-2003, 4 LPRA sec. 24u. Véase, además, Íd., sec. 24y(c).

Por su parte, el Reglamento Núm. 7947 (Reglamento de la Junta),[12] el cual se promulgó de conformidad con la Ley de relaciones del trabajo de Puerto Rico,[13] establece un procedimiento para la revisión de las determinaciones administrativas de la Junta.

En lo pertinente a la reconsideración ante la agencia, la Regla 623 del reglamento precitado establece que:

> La parte adversamente afectada por una resolución u orden parcial o final del Oficial Examinador o la Junta podrá presentar una moción de reconsideración dentro del término de veinte (20) días contados a partir del archivo en autos de la notificación de la resolución u orden.
>
> Se contará con un término de quince (15) días, a partir de la radicación de la moción para considerarla. Si se rechazara de plano o no se actúa dentro del término de quince (15) días, el término para solicitar revisión judicial transcurrirá a partir de la notificación de la denegatoria o desde que expiren los quince (15) días, según sea el caso.
>
> De tomarse alguna determinación, el término para solicitar revisión judicial transcurrirá a partir del archivo en autos de la notificación de

---

[12]Reglamento para el trámite de investigaciones y procedimientos adjudicativos de la Junta de Relaciones del Trabajo de Puerto Rico, Reglamento Núm. 7947, Junta de Relaciones del Trabajo, 23 de noviembre de 2010, https://jrt.pr.gov/LeyesReglamentos/Reglamentos/Reglamento%207947.pdf.

[13]Ley Núm. 130 de 8 de mayo de 1945, 29 LPRA sec. 62 et seq.

la resolución resolviendo la moción de reconsideración.[14]

Asimismo, con respecto a la revisión judicial, la Regla 624 del Reglamento de la Junta, supra, dispone que:

> Cualquier parte adversamente afectada por una orden o resolución final de la Junta podrá recurrir ante el Tribunal de Apelaciones mediante un recurso de revisión judicial, dentro del término de treinta (30) días a partir de la notificación de la resolución final.
>
> Cuando la parte adversamente afectada radique una solicitud de reconsideración, el término para recurrir ante el Tribunal de Apelaciones transcurrirá de conformidad con la Regla 623.[15]

Según se puede apreciar, el Reglamento de la Junta preceptúa un procedimiento de reconsideración y revisión esencialmente idéntico al contenido en la LPAU. La similitud entre estos no es casualidad, sino que responde al mandato legislativo que exige que los procesos adjudicativos en las agencias se conduzcan de conformidad con lo dispuesto en la LPAU. Cordero Vargas v. Pérez Pérez, supra. Véase, además, 3 LPRA sec. 9606(b). Por consiguiente, toda modificación de los términos antes discutidos que se aleje de lo dispuesto en la LPAU, ya sea mediante su extensión o acortamiento, es ultra vires.[16]

---

[14]Reglamento de la Junta, supra, págs. 37-38.

[15]Íd., pág. 38.

[16]D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 3ra ed., Colombia, Forum, 2013, pág. 690.

Tal y como este Tribunal dispuso en <u>Cordero Vargas v. Pérez Pérez</u>, supra:

> [L]as agencias no tienen la autoridad para adoptar reglamentación que imponga requisitos adicionales o distintos a los que impone la LPAU. **Es decir, esta ley desplaza y predomina cualquier reglamentación de una agencia que sea contrario a ella.** Ello incluye los asuntos de revisión judicial.[17]

Por consiguiente, cualquier actuación de la agencia administrativa al margen del poder "que se le confirió mediante legislación, debe ser catalogada como <u>ultra vires</u>". <u>AAA v. UIA</u>, 199 DPR 638, 652 (2018) (citas omitidas).[18] Ello, sin duda, veda que se "establezca[n] requisitos adicionales o distintos relacionados con la reconsideración o revisión judicial que [los que] dispone la [LPAU]". <u>López Rivera v. Adm. de Corrección</u>, 174 DPR 247, 254 (2008).

Ahora bien, la controversia ante nuestra consideración, más allá de una lectura integral de las disposiciones relativas al plazo para presentar una reconsideración o un recurso de revisión judicial, exige que se realice una interpretación en torno a la

---

[17](Negrillas suplidas y cita depurada). Íd., págs. 857-858.

[18]Nótese, además, que las agencias "pueden ejercer los poderes que su ley habilitadora expresamente les ha otorgado y aquellos que sean indispensables para llevar a cabo su encomienda primordial". Íd., pág. 652.

interrelación de estos términos en el contexto de la controversia novel que nos ocupa.

**B.**

En lo pertinente a la controversia ante nos, la Regla 68.1 de Procedimiento Civil, 32 LPRA Ap. V., ilustra cómo se computan los términos dispuestos en las reglas, los ordenados por el tribunal y por cualquier estatuto civil aplicable. Específicamente, la Regla aludida dispone lo siguiente:

> En el cómputo de cualquier término concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a transcurrir. El último día del término así computado se incluirá siempre que no sea sábado, domingo ni **día de fiesta legal**, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo **ni día legalmente feriado**. También podrá suspenderse o extenderse cualquier término por causa justificada cuando el Tribunal Supremo de Puerto Rico lo decrete mediante resolución. (Negrillas suplidas). Íd.

Por su parte, el Art. 387 del Código Político, 1 LPRA sec. 71, enumera los días feriados y, además, establece que también se considerará como tal "**cada día fijado por** [...] **el Gobernador de Puerto Rico**, o por la Asamblea Legislativa". (Negrillas suplidas). Íd. Asimismo, la extensión de estos términos está regulada por el Art. 388 del Código Político, 1 LPRA sec. 72, el cual señala que:

> El tiempo en que cualquier acto prescrito por la ley debe cumplirse,

se computará excluyendo el primer día e incluyendo el último, a menos que éste sea **día de fiesta**, en cuyo caso será también excluido. (Negrillas suplidas). Íd.

De lo anterior se desprende que, conforme al Art. 387 del Código Político, supra, el Gobernador puede declarar un día de fiesta para propósitos de la extensión del término del Art. 388 del mismo Código. Véase, B.B.V. v. E.L.A., 180 DPR 681, 689-690 (2011).

Reiteradamente, este Tribunal ha concluido que los términos antes explicados aplican al procedimiento administrativo. Véase, SLG Saldaña-Saldaña v. Junta, supra, págs. 626-627 (haciendo referencia a Fonte Elizondo v. F & R Const., supra, pág. 364 esc. 4).

Cónsono con ello, el Reglamento de la Junta establece un lenguaje esencialmente idéntico en cuanto al cómputo o extensión de términos. Específicamente, la Regla 204 del antes citado reglamento dispone que:

El primer día del evento o acto no se incluirá en el cómputo de cualquier término prescrito por la ley, este Reglamento, cualquier orden o requerimiento. El último día del término se computará excepto que sea sábado, domingo o **día feriado**, en cuyo caso se computará hasta el próximo día laborable de la Junta.[19]

En consideración al marco jurídico enunciado, procedemos a resolver la controversia ante nos.

---

[19] (Negrillas suplidas). Reglamento de la Junta, supra, pág. 8.

III

La controversia ante nuestra consideración se ciñe a determinar si una agencia puede, mediante orden administrativa, variar unilateralmente el término para solicitar reconsideración ante sí. Contestamos en la negativa y adelantamos que, por ser la primera vez que nos expresamos sobre este asunto, la determinación a la que arribamos será de aplicación prospectiva.[20] Reiteramos que "cuando se trata de una exigencia jurisdiccional, que nace de una disposición clara y libre de ambigüedad, la determinación no puede limitarse a una aplicación prospectiva". Rosario Domínguez et als. v. ELA et al., 198 DPR 197, 217 (2017) (citas omitidas). No obstante,

---

[20]Véase, Flores Concepción v. Taíno Motors, 168 DPR 504 (2006) (resolviéndose **prospectivamente** que "una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sec. 3.15 de la [LPAU], siempre y cuando no haya transcurrido el término para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso ante dicho foro". Íd., pág. 522. En aquella ocasión, este Tribunal declaró la prospectividad "**porque [lo resuelto era] de nueva creación y la aplicación de dicha norma al presente caso conllevaría, en cierto modo, la comisión de una injusticia contra una parte […] que hoy no tendría derecho a la presentación de un nuevo recurso judicial para revisar la decisión emitida [por la agencia], ya que habrían transcurrido todos los términos posibles**". (Negrillas suplidas) Íd., pág. 523. **Esa, precisamente, es la situación ante nos**.

Véase, además, Rafael Rosario & Assoc. v. Depto. Familia, 157 DPR 306 (2002) (resolviéndose que el incumplimiento con el requisito jurisdiccional de notificar a otra parte en el pleito sobre la presentación de un recurso de revisión judicial debía tener carácter prospectivo por no existir un precedente claro al momento en que se suscitó la controversia).

enfatizamos que lo que hoy se pauta no versa sobre la jurisdiccionalidad de los términos en cuestión. En cambio, nos limitamos a establecer una norma clara y libre de ambigüedad en torno al alcance de los cierres administrativos decretados individualmente por entidades del Poder Ejecutivo y a los efectos de que una agencia unilateralmente no puede, mediante orden administrativa, afectar los términos dispuestos en la LPAU.

En el caso de epígrafe, PROSOL le solicitó a la Junta que ciertos puestos de la ACT fueran incluidos como parte de su unidad apropiada. Luego de múltiples trámites procesales, el **9 de diciembre de 2020** la Junta emitió dos (2) determinaciones intituladas <u>Decisión y Orden</u> concediendo lo peticionado por PROSOL. En estas, se advirtió a las partes de su derecho a solicitar reconsideración en el término de veinte (20) días o, en la alternativa, presentar un recurso de revisión judicial ante al Tribunal de Apelaciones en el plazo de treinta (30) días, ambos contados desde el archivo en autos de la notificación. Además, se particularizó que los términos advertidos se computarían a base de días naturales.

Sin embargo, mientras discurrían tales términos, la Junta, mediante la emisión de la Orden Administrativa Núm. 2020-03, decretó un receso para los días 28, 29 y 30 de diciembre de 2020. En ella, específicamente dispuso que, para la presentación de escritos, información y/o documentos ante la Junta que vencieran durante los días

antes mencionados, "se entenderá que dichos términos quedan extendidos hasta el próximo día de operaciones, o sea, el 4 de enero de 2021".[21]

Llegado el 4 de enero de 2021, la AEGSAC presentó dos (2) solicitudes de reconsideración cuestionando las (2) determinaciones nombradas Decisión y orden emitidas por la Junta. Al día siguiente, la ACT hizo lo propio.

El 11 de febrero de 2021, la Junta notificó dos (2) decisiones intituladas Resolución en reconsideración en las que advirtió sobre el derecho de las partes a presentar un recurso de revisión judicial ante el Tribunal de Apelaciones dentro del término de treinta (30) días. Toda vez que las Peticionarias estaban inconformes con lo resuelto, el 15 de marzo de 2021 presentaron los recursos de revisión judicial correspondientes.[22]

Ahora bien, una vez el Tribunal de Apelaciones evaluó la controversia, entendió que la Junta no posee la facultad para extender, en virtud de una orden administrativa, los plazos para presentar ante sí escritos con términos jurisdiccionales establecidos por la LPAU y por el propio Reglamento de la Junta. Así pues, resolvió que las solicitudes de reconsideración radicadas el 4 y 5 de enero de 2021 fueron inoportunas, pues el último día en que estas podían ser presentadas fue el 29 de diciembre de 2020.

---

[21]Apéndice de certiorari en el CC-2021-0353, Orden administrativa, pág. 586.

[22]Véase esc. 8 de la ponencia.

En ese sentido, resolvió que las determinaciones en reconsideración emitidas por la Junta el 11 de febrero de 2021 son inoficiosas y, por tanto, no podían ser consideradas para computar el término que tenían las Peticionarias para recurrir en revisión judicial ante ese foro apelativo intermedio. Dictaminó que, puesto que las solicitudes de reconsideración se presentaron tardíamente, el término para acudir en revisión judicial debía contarse a partir de la notificación de las determinaciones emitidas el 9 de diciembre de 2020. Al estos haber sido instados el 15 de marzo de 2021, el Tribunal de Apelaciones concluyó que resultaron tardíos.

En consecuencia, la ACT y la AEGSAC comparecen ante nos y, en esencia, cuestionan la desestimación de sus recursos de revisión judicial. En síntesis, exponen que la actuación de la Junta constituye una notificación defectuosa y que los días decretados en receso mediante la Orden Administrativa Núm. 2020-03 deben excluirse del cómputo del plazo para presentar la solicitud de reconsideración, aunque tales días no hayan sido declarados días feriados.

Según discutido, los procedimientos adjudicativos administrativos efectuados por las agencias cobijados por la LPAU deben ofrecer unas garantías mínimas uniformes. Tal uniformidad permea, incluso, sobre los términos para la presentación de una moción de reconsideración y para recurrir en revisión judicial al Tribunal de Apelaciones.

Véase, SLG Saldaña-Saldaña v. Junta, supra, pág. 621 (citando a Fonte Elizondo v. F & R Const., supra, pág. 358).

Cónsono con ello, tanto la Sec. 3.15 de la LPAU, supra, como la Regla 623 del Reglamento de la Junta, supra, establecen que la parte adversamente afectada por una resolución u orden parcial de la Junta podrá, dentro del término de veinte (20) días desde el archivo en autos de la notificación, presentar una moción de reconsideración. Asimismo, dispone que, de la Junta tomar alguna determinación dentro del plazo dispuesto, el término para solicitar revisión judicial transcurrirá a partir del archivo en autos de la notificación de la resolución resolviendo la moción de reconsideración.

En el caso de autos, las dos (2) determinaciones intituladas Decisión y Orden que fueron notificadas el 9 de diciembre de 2021, advirtieron correctamente los términos para solicitar reconsideración ante la agencia. De conformidad con lo anterior, el último día hábil para la presentación de una reconsideración oportuna de esas determinaciones fue el 29 de diciembre siguiente. A pesar de ello, la AEGSAG y la ACT, confiando en la extensión de los términos decretada por la Junta mediante la Orden Administrativa Núm. 2020-03,[23] optaron por radicar la

---

[23]En lo pertinente, la Orden Administrativa Núm. 2020-03 dispuso lo siguiente:

moción de reconsideración el 4 y 5 de enero de 2021,
respectivamente. No cabe duda, pues, que, para ese
entonces, el plazo jurisdiccional de veinte (20) días para
la radicación oportuna de una moción de reconsideración
ya había transcurrido.

Las Peticionarias arguyen que los días que la Junta
decretó como receso mediante determinación administrativa
debían excluirse del cómputo del plazo para presentar la
solicitud de reconsideración. Lo anterior, aunque estos
no hayan sido declarados oficialmente como días feriados.

En primer lugar, recalcamos que las agencias
administrativas no tienen la autoridad para adoptar una
reglamentación que imponga términos para la
reconsideración o revisión judicial distintos a los
dispuestos en la LPAU. Véase, Cordero Vargas v. Pérez
Pérez, supra, págs. 857-858; López Rivera v. Adm. de
Corrección, supra, pág. 254. **Conforme a lo anterior, hoy
precisamos sin ambages que las agencias tampoco están
facultadas para, mediante determinación administrativa,
variar unilateralmente el término jurisdiccional de veinte
(20) días con el que cuenta una parte adversamente afectada
para radicar una moción de reconsideración ante la propia**

---

En lo que respecta a los términos prescritos para la presentación de escritos, información y/o documentos ante la Junta y que venzan durante las fechas antes mencionadas, se entenderá que dichos términos quedan extendidos hasta el próximo día de operaciones, o sea, el 4 de enero de 2021.

agencia. **Lo anterior, claro está, con excepción de que tal determinación administrativa esté respaldada por una declaración oficial del Gobernador de Puerto Rico quien, como explicamos, posee la facultad de ordenar la concesión de un día de fiesta a todos los empleados y agencias de la Rama Ejecutiva**. Véase, Art. 387 del Código Político, supra. Ello, sin embargo, no es el caso ante nuestra consideración.

En el caso de autos, la Junta decretó el cese de labores los días 28, 29 y 30 de diciembre de 2020. Empero, tal extensión respondió a una decisión unilateral de la agencia que no estuvo sustentada en una declaración del día como uno feriado legalmente.[24] Por tanto, concluimos que, dado a que tales días no cuentan con la autoridad de un día feriado, según exigido por la Regla 68.1 de Procedimiento Civil, supra, el Art. 388 del Código Político, supra, y la Regla 204 del Reglamento de la Junta, supra, la extensión decretada por la Junta no podía tener el efecto de postergar los términos que vencieran entre

---

[24]Si bien la Junta concedió tales días con cargo a vacaciones, ello, sin más, no es razón para afectar los términos adjudicativos establecidos en la LPAU. Resáltese que esta situación es distinguible de lo acaecido en B.B.V. v. E.L.A., supra. Allí, lo que se equiparó fue que el día con cargo a vacaciones concedido por el Gobernador para el Poder Ejecutivo causa el mismo efecto legal que el "día legalmente feriado" concedido por nuestras Reglas de Procedimiento Civil y un "día de fiesta", según dispone el Código Político. Nótese que lo determinante es que la extensión del término correspondiente esté precedida por la declaración del Primer Ejecutivo del País, algo que no ocurrió en la controversia ante nuestra consideración.

esos días. De ahí que la actuación de la Junta extendiendo los términos jurisdiccionales establecidos en la LPAU para radicar una reconsideración resulte ultra vires.

Pasemos, pues, a evaluar las consecuencias que ello implica para propósitos de la posterior revisión judicial de la resolución.

Tanto la Sec. 4.2 de la LPAU, supra, como la Regla 624 del Reglamento de la Junta, supra, establecen que cualquier parte afectada por una orden o resolución de la agencia podrá recurrir ante el Tribunal de Apelaciones mediante un recurso de revisión judicial a ser radicado dentro del término de treinta (30) días. Este término comenzará a decursar a partir del archivo en autos de la notificación de la agencia o, en caso de que la parte afectada presente una solicitud de reconsideración oportuna, el plazo para acudir en revisión judicial quedará interrumpido hasta tanto la agencia cumpla con la Sec. 3.15 de la LPAU, supra.

En la controversia ante nos, las determinaciones administrativas fueron adjudicadas el 9 de diciembre de 2020 y no se presentaron mociones de reconsideraciones oportunas que paralizaran el término. Por tanto, las determinaciones nombradas Resolución en reconsideración notificadas el 11 de febrero de 2021 resultaron ineficaces y, en consecuencia, no podían ser consideradas como el punto de partida para computar el término para acudir en revisión judicial.

No obstante lo expresado y resuelto, reiteramos que, al no haberse establecido con anterioridad un precedente claro que dispusiera sobre la ineficacia de una orden administrativa extendiendo los términos jurisdiccionales para acudir en revisión ante alguna agencia, la norma pautada será de aplicación prospectiva.

## IV

Por los fundamentos que anteceden, revocamos la Sentencia del Tribunal de Apelaciones en el caso de epígrafe. Consiguientemente, devolvemos el caso a ese foro para la continuación de los procedimientos de forma compatible con la Opinión que antecede.

Se dictará Sentencia de conformidad.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Autoridad de Carreteras y Transportación<br><br>Peticionaria<br><br>v.<br><br>Programa de Solidaridad UTIER (PROSOL), Capítulo de la Autoridad de Carreteras<br><br>Recurrido<br><br>Asociación de Empleados Gerenciales y Supervisores de la Autoridad de Carreteras<br><br>Recurrida | CC-2021-0337<br><br>cons. con<br><br>CC-2021-0353 | Certiorari |
| Autoridad de Carreteras y Transportación<br><br>Recurrida<br><br>v.<br><br>Programa de Solidaridad UTIER, (PROSOL), Capítulo de la Autoridad de Carreteras<br><br>Recurrido<br><br>Asociación de Empleados Gerenciales y Supervisores de la Autoridad de Carreteras<br><br>Peticionaria | | |

Sentencia

En San Juan, Puerto Rico, a 16 de noviembre de 2022.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca la Sentencia del Tribunal de Apelaciones y se devuelve el caso a ese foro para la continuación de los procedimientos de forma compatible con la Opinión que antecede.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Javier O. Sepúlveda Rodríguez
                              Secretario del Tribunal Supremo