EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Edwin Martínez Fernández; Alberto L. Ortiz Molina <br><br> Recurridos <br><br> v. <br><br> Oficina de Gerencia de Permisos <br><br> Agencia Recurrida <br><br> QMC Telecom, LLC <br><br> Peticionario <br> ———————————————————— <br> Rafael Agosto Santiago, Miriam Velázquez y Evelyn Rodríguez Santiago <br><br> Recurridos <br><br> v. <br><br> Oficina de Gerencia de Permisos <br><br> Agencia Recurrida <br><br> QMC Telecom, LLC <br><br> Peticionario | Certiorari <br><br> 2023 TSPR 75 <br><br> 212 DPR ___ |

Número del Caso:  AC-2022-0033
                  cons. con. AC-2022-0034


Fecha:  16 de junio de 2023


Tribunal de Apelaciones:

    Panel VIII


Abogados de la parte peticionaria:

    Lcdo. Hermán G. Colberg Guerra
    Lcda. María D. Trelles Hernández

Agencia recurrida
Oficina de Gerencia de Permisos:

    Lcda. Alma H. Acevedo Ojeda

Abogados de las partes recurridas:

    Lcdo. Ricardo Alfonso García
    Lcdo. Jesús M. Morales Irizarry
    Lcda. Gladys Enid Ares Rivera

Materia:  Derecho Administrativo – Nulidad del Reglamento Conjunto de 2019 y Reglamento Conjunto de 2020, así como el efecto prospectivo de la determinación.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Edwin Martínez Fernández; Alberto L. Ortiz Molina | | |
|---|---|---|
| Recurridos | | |
| v. | | |
| Oficina de Gerencia de Permisos | | |
| Agencia Recurrida | | |
| QMC Telecom, LLC | AC-2022-0033 cons con. AC-2022-0034 | |
| Peticionario | | |
| Rafael Agosto Santiago, Miriam Velázquez y Evelyn Rodríguez Santiago | | |
| Recurridos | | |
| v. | | |
| Oficina de Gerencia de Permisos | | |
| Agencia Recurrida | | |
| QMC Telecom, LLC | | |
| Peticionario | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 16 de junio de 2023.

En esta ocasión, aprovechamos la oportunidad que nos brindan los recursos de referencia para responder finalmente una interrogante que ha persistido en la comunidad jurídica por los pasados meses. Particularmente, nos corresponde brindar certeza sobre la validez de dos cuerpos

reglamentarios de gran importancia para los permisos que se expiden para regular diversas actividades económicas de nuestra jurisdicción. Nos expresamos, de una vez y por todas, en torno a si el *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm. 9081 de 8 de mayo de 2019 (Reglamento Conjunto de 2019), y el *Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios*, Reglamento Núm. 9233 de 2 de diciembre de 2020 (Reglamento Conjunto de 2020), son nulos.

A continuación, resolvemos este y otros extremos relacionados. Veamos, sucintamente, el trasfondo fáctico de los recursos de epígrafe.

**I**

QMC Telecom, LLC (QMC) presentó ante la Oficina de Gerencia de Permisos (OGPe) dos solicitudes de permisos de construcción: la número 2019-252363-PCOC-001980 y la número 2020-301952-PCOC-016054. Para ambas solicitudes, varios ciudadanos (interventores) solicitaron intervenir, lo que la OGPe concedió. Ulteriormente, la OGPe evaluó las solicitudes de permisos al amparo del Reglamento Conjunto de 2019 y el Reglamento Conjunto de 2020, y finalmente las autorizó y expidió. Inconformes —y en lo pertinente—, los interventores presentaron ante el Tribunal de Apelaciones sendas peticiones de revisión judicial procurando, esencialmente, la revisión de los méritos de las expediciones de los permisos en

cuestión.[1] El foro apelativo intermedio, mediante dos sentencias distintas en los casos KLRA202100457 y KLRA202100608, invalidó la concesión de estos permisos. Se basó en que otros paneles de ese mismo foro ya habían decretado la nulidad del Reglamento Conjunto de 2019 y el Reglamento Conjunto de 2020. El Tribunal de Apelaciones estimó también que, como esta Curia denegó los recursos presentados ante nos que procuraron la revisión de las determinaciones de varios paneles en las que anularon el Reglamento Conjunto de 2020, quedó sostenida esa nulidad. En vista de ello, el Tribunal de Apelaciones razonó que, como la expedición de los permisos se erigió sobre dos cuerpos reglamentarios que carecían de eficacia jurídica, procedía revocarlos. El referido foro no pasó juicio sobre los méritos de la determinación de la OGPe, según lo solicitaron los interventores en sus respectivos recursos de revisión judicial.

QMC, insatisfecha, compareció ante nos mediante dos recursos de apelación. Tras acogerlos como *certiorari* y consolidarlos, los expedimos y las partes presentaron sus alegatos. Resolvemos.

**II**

Este Tribunal tiene la labor ingente —en el contexto de la resolución de casos y controversias— de interpretar la

---

[1] Mediante el recurso KLRA202100457 se pretendía impugnar el permiso número 2019-252363-PCOC-001980, mientras en el recurso KLRA202100608 se pretendía impugnar el permiso número 2020-301952-PCOC-016054.

Constitución del Estado Libre Asociado de Puerto Rico y sus leyes. Senado de Puerto Rico v. Gobierno de Puerto Rico, 203 DPR 62, 85 (2019). En el descargo de esa encomienda, venimos llamados a precisar los contornos de nuestro ordenamiento jurídico al emitir pronunciamientos que pautan norma y se consideran precedentes. **Esta instancia no es la excepción.**

En los casos consolidados ante nos, el razonamiento del foro apelativo intermedio intima una relación directa entre la declaración de nulidad de los Reglamentos Conjuntos de 2019 y 2020 y la invalidez de los permisos autorizados bajo su palio. Como es de conocimiento, las *Sentencias* del Tribunal de Apelaciones que decretaron la nulidad de ambos reglamentos conjuntos se basaron, esencialmente, en el incumplimiento de la Junta de Planificación de Puerto Rico con los postulados mínimos que exige el procedimiento de reglamentación estatuido en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, 3 LPRA sec. 9601 et seq., al igual que las exigencias para la promulgación de reglamentos conjuntos que surgen de la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, Ley Núm. 161-2009, 23 LPRA sec. 9011 et seq.[2]

Posteriormente y, como vimos, el Tribunal de Apelaciones emitió las *Sentencias* aquí revisadas, fundándose en la

---

[2] Véanse, Aequitas LLC v. Junta de Planificación, KLRA201900413 (Sentencia de 4 de marzo de 2020); Comité Pro-Seguridad ARRAQ y ARESPA y su Presidenta Vanessa D. Ríos Grajales v. Junta de Planificación, KLRA202100044 (Sentencia del 31 de marzo de 2021), y Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. Estado Libre Asociado de Puerto Rico y otros, KLRA202100047 (Sentencia del 12 de abril de 2021).

declaración de nulidad de esos reglamentos conjuntos como racional para anular los permisos solicitados por QMC. Así las cosas, tras examinar el cúmulo de los argumentos expuestos sobre estos extremos, quedamos convencidos de que solo mediante una determinación decisiva respecto a la suficiencia de la promulgación y eficacia de estos reglamentos conjuntos podremos disipar la disyuntiva interpretativa que aquí se ha suscitado.

**A tono con lo anterior, pautamos, sin ambages, que el Reglamento Conjunto de 2019 y el Reglamento Conjunto de 2020 son nulos. De esta forma, ambos reglamentos quedan invalidados. Asimismo, de manera análoga a nuestro proceder en Asociación de Farmacias de la Comunidad v. Depto. de Salud, 157 DPR 76 (2002), establecemos que esta determinación de nulidad tendrá efecto prospectivo a partir de la certificación de esta Opinión.** De este modo, todo permiso que haya sido autorizado y expedido al amparo de los referidos reglamentos, previo a la emisión de este pronunciamiento, **deberá ser aceptado como legal por toda la ciudadanía.** Así, decretamos meridianamente que ningún permiso autorizado y expedido al amparo del Reglamento Conjunto de 2019 y el Reglamento Conjunto de 2020 es inválido por razón de que estas regulaciones hayan sido declaradas nulas.

Las solicitudes de permisos pendientes de adjudicación y en las cuales se hayan celebrado o señalado vista adjudicativa se podrán continuar tramitando al amparo del

reglamento conjunto aplicable. Esto aplica igualmente a aquellos permisos cuya autorización y expedición no es final y firme por ser objeto de revisión en los tribunales. **Los tribunales evaluarán los recursos que se presenten a tales efectos a la luz del reglamento que la agencia haya utilizado para autorizar y expedir el permiso impugnado, si como cuestión de derecho es el aplicable.**

A partir de la certificación de esta Opinión, las **nuevas** solicitudes de permisos que en lo sucesivo se presenten se evaluarán según los parámetros del *Reglamento Conjunto de Permisos para Obras de Construcción y Usos de Terrenos,* Reglamento Núm. 7951 de 30 de noviembre de 2010. Esto será así hasta tanto la Junta de Planificación de Puerto Rico adopte un nuevo reglamento para estos fines, si así lo estima procedente dentro de sus facultades discrecionales.

En lo sucesivo, y con el propósito de evitar determinaciones contradictorias entre sí, se le exhorta al Tribunal de Apelaciones —en la medida en que el tracto procesal lo permita— a adoptar la práctica de consolidar los recursos que pretendan impugnar de su faz un mismo reglamento administrativo. Es importante aclarar, en esta coyuntura, que el dictamen de un panel del Tribunal de Apelaciones **no obliga a otro panel que atienda la misma controversia.** A lo más, las determinaciones de un panel podrían considerarse persuasivas para otro. Véase: Art. 4.005 de la Ley Núm. 201-2003, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24x.

**El pronunciamiento que aquí emitimos entrará en vigor inmediatamente a partir de la certificación de la presente Opinión *Per Curiam*.** En virtud de este y de cara al futuro, la ciudadanía, al igual que el Gobierno de Puerto Rico y sus instrumentalidades, quedan sobre aviso en torno a los principios que motivaron nuestra intervención.

### III

En lo que atañe específicamente a la situación fáctica y jurídica que presentan los recursos de epígrafe, pasemos a disponer de esta.

Cónsono con lo que hemos preceptuado en el **Acápite II** de esta Opinión, procede que revoquemos las sentencias recurridas del Tribunal de Apelaciones. Los permisos aquí impugnados fueron autorizados y expedidos en una fecha anterior a la nulidad que estamos decretando del Reglamento Conjunto de 2019 y el Reglamento Conjunto de 2020, por lo que esa nulidad no les alcanza. Consecuentemente, los permisos de construcción número 2019-252363-PCOC-001980 y número 2020-301952-PCOC-016054 no son inválidos porque posteriormente se hayan anulado los reglamentos aludidos. Corresponde que devolvamos el caso al Tribunal de Apelaciones para que atienda los planteamientos de los interventores sobre los méritos de la determinación de la OGPe de autorizar y expedir estos permisos. El Tribunal de Apelaciones deberá realizar ese ejercicio a la luz de la normativa reglamentaria aplicable.

**IV**

Por los fundamentos expuestos, se revocan las Sentencias recurridas del Tribunal de Apelaciones. Se devuelve el caso de epígrafe a ese foro para que evalúe en sus méritos los recursos de revisión judicial que instaron los interventores.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Edwin Martínez Fernández; Alberto L. Ortiz Molina<br><br>    Recurridos<br><br>       v.<br><br>Oficina de Gerencia de Permisos<br><br>    Agencia Recurrida<br><br>QMC Telecom, LLC<br><br>    Peticionario<br><br>Rafael Agosto Santiago, Miriam Velázquez y Evelyn Rodríguez Santiago<br><br>    Recurridos<br><br>       v.<br><br>Oficina de Gerencia de Permisos<br><br>    Agencia Recurrida<br><br>QMC Telecom, LLC<br><br>    Peticionario | AC-2022-0033<br>cons con.<br>AC-2022-0034 |

SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2023.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se revocan las Sentencias recurridas del Tribunal de Apelaciones. Se devuelve el caso de epígrafe a ese foro para que evalúe en sus méritos los recursos de revisión judicial que instaron los interventores.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo