EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc.<br><br>Recurrida<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Junta de Planificación del Estado Libre Asociado de Puerto Rico<br><br>Recurrida<br><br>Oficina de Gerencia Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico<br><br>Parte Interventora - Peticionaria | Certiorari<br><br>2023 TSPR 81<br><br>212 DPR ___ |

Número del Caso: CC-2021-0418

Fecha: 27 de junio de 2023

Tribunal de Apelaciones:

Panel VI

Abogados de la parte peticionaria:

Lcdo. Carlos J. Ríos Pierluisi
Lcda. Edmee Zeidan Cuebas

Abogados de las partes recurridas:

Junta de Planificación

Lcdo. Eric Rubén Huertas Morales
Lcda. Jesica Nieves Meléndez
Lcdo. Héctor Morales Martínez

Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza

Lcdo. José A. Andreu Fuentes
Lcdo. José J. Lamas Rivera
Lcdo. Frank Torres Viada

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc.<br><br>Recurrida<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Junta de Planificación del Estado Libre Asociado de Puerto Rico<br><br>Recurrida<br><br><br>Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico<br><br>Parte Interventora - Peticionaria | CC-2021-0418 | |

RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de junio de 2023.

Atendida la *Moción en auxilio de jurisdicción y solicitud de orden para mostrar causa* que presentaron el Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc., se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emite un Voto Particular Disidente. El Juez Asociado señor Colón Pérez disiente y hace constar las expresiones siguientes:

> "Previo a haber denegado la *Moción en auxilio de jurisdicción y solicitud de orden para mostrar causa* presentada en el caso de referencia, -- **estando ante un escenario donde se pudiese estar desacatando una orden de este Tribunal** --, le hubiésemos concedido un breve término a la Junta de Planificación del Estado Libre Asociado de Puerto Rico para que reaccionase a los serios

planteamientos que trajo ante nuestra consideración el Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc., sobre la no validez del *Reglamento Conjunto para la evaluación y expedición de permisos relacionados al desarrollo, uso de terrenos y operación de negocios*, Reglamento Núm. 9473 de 16 de junio de 2023, un reglamento de emergencia que éstos últimos consideran un subterfugio para burlar la *Opinión* emitida por este Alto Foro en *Martínez Fernández v. OGPe*, 2023 TSPR 75, 212 DPR ___ (2023); un dictamen que, como sabemos, es de aplicación general. Lo anterior apremia, puesto que lo esgrimido por el Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc., a todas luces, parece ser cierto."


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Fideicomiso de Conservación de Puerto Rico y Para La Naturaleza, Inc.<br><br>Recurrida<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico; Junta de Planificación del Estado Libre Asociado de Puerto Rico<br><br>Recurrida<br><br>Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio de Puerto Rico<br><br>Parte Interventora - Peticionaria | CC-2021-0418 |

Voto particular disidente emitido por el Juez Asociado Señor ESTRELLA MARTÍNEZ.

En San Juan, Puerto Rico, a 27 de junio de 2023.

Para beneficio del Pueblo de Puerto Rico y de la estabilidad socioeconómica, como también para preservar la sana administración pública, este Tribunal debió realizar actos afirmativos dirigidos a escudriñar la realidad siguiente: la Junta de Planificación de Puerto Rico (Junta de Planificación) ha utilizado un mecanismo excepcional inaplicable para obviar los requerimientos de promulgación de un reglamento con el fin evidente de evadir la nulidad de una reglamentación que fue invalidada por este Foro, precisamente, por no observar los requerimientos de promulgación que hoy pretende eludir.

Ello, ante el giro sorprendente al que hoy nos enfrentamos en la saga sobre el Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. 9081 de 8 de mayo de 2019 (Reglamento Conjunto de 2019), y el Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. 9233 de 2 de diciembre de 2020 (Reglamento Conjunto de 2020). A pesar de numerosos y diáfanos pronunciamientos recientes relacionados con la reglamentación antes citada --incluyendo una Per Curiam contundente en Martínez Fernández v. Oficina de Gerencia de Permisos, 2023 TSPR, 75 que declaró su invalidez--, los Reglamentos Conjuntos de 2019 y 2020 han sido reanimados por el Poder Ejecutivo mediante el mecanismo de reglamentación de emergencia.

Entiéndase, pese a una declaración inequívoca de nulidad, la denegación de un par de reconsideraciones y una orden específica con respecto al uso del Reglamento Conjunto de Permisos para Obras de Construcción y Usos de Terrenos, Reglamento Núm. 7951 de 30 de noviembre de 2010 (Reglamento Conjunto de 2010), hasta la instauración de uno nuevo, el Fideicomiso de Conservación de Puerto Rico y Para La Naturaleza, Inc. (en conjunto, las recurridas) comparecen ante este Foro mediante una Moción en auxilio de jurisdicción y solicitud de orden para mostrar causa y traen a nuestra

atención un acto de desafío patente a los dictámenes mencionados.

Resulta que, el 16 de junio de 2023 --nótese, la misma fecha en la que fue certificada nuestra opinión en Martínez Fernández v. Oficina de Gerencia de Permisos, supra, --, la Junta de Planificación aprobó un reglamento de emergencia, el cual fue firmado por el Gobernador, Hon. Pedro R. Pierluisi Urrutia, junto con una Certificación proclamando un estado de emergencia. Según plantean las recurridas, el llamado reglamento de emergencia es, esencialmente, el mismo conjunto de reglas que invalidamos por incumplir con los requisitos de reglamentación que exige nuestro ordenamiento en el caso antes citado.

Recuérdese, en Martínez Fernández v. Oficina de Gerencia de Permisos, supra, validamos las declaraciones de nulidad de los Reglamentos Conjuntos del 2019 y el 2020 que emitió el Tribunal de Apelaciones. Ello, debido al incumplimiento craso y manifiesto de la Junta de Planificación con los postulados mínimos que exige el procedimiento de reglamentación estatuido en la Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 et seq. (LPAU), y con las exigencias para la promulgación de reglamentos conjuntos que establece la Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, 23 LPRA sec. 9011 et seq. Ahora, paradójicamente, la Junta de Planificación evade la nulidad de tal reglamentación

mediante el uso de un mecanismo especial diseñado para, exactamente, obviar los requerimientos cuya inobservancia causó la invalidación de los Reglamentos Conjuntos de 2019 y 2020 en primer lugar.

Pese a cuán imperativo era que interviniéramos en el asunto ante los planteamientos que nos ocupan, una Mayoría de este Tribunal declinó la oportunidad de proteger nuestra jurisdicción mediante la paralización del reglamento de emergencia y la orden de mostrar causa por la cual este no debería invalidarse. Veamos.

Según ha sido reiterado en innumerables ocasiones, la moción en auxilio de jurisdicción es un remedio en equidad que, a su vez, constituye "un llamado a la utilización del poder inherente que tiene todo tribunal para constituir los remedios necesarios que hagan efectiva su jurisdicción y que eviten fracasos en la administración de la justicia". García López y otros v. E.L.A., 185 DPR 371, 377 (2012). Como también sabemos, "cualquier defecto en la denominación del pleito o en la súplica del remedio, no será óbice para que el tribunal conceda el remedio que proceda de acuerdo con las alegaciones y la prueba". Regla 71 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V. En palabras más simples, el nombre no hace la cosa. Cordero Vargas v. Pérez Pérez, 198 DPR 848, 868 (2017); Meléndez Ortiz v. Valdejully, 120 DPR 1, 24 (1987).

A mi juicio, debimos hacer uso de nuestro poder inherente para proteger nuestra jurisdicción y los

dictámenes que emitimos bajo esta. Después de todo, "no debe haber la menor duda sobre el hecho de que los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de una parte o motu proprio, siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso". Pueblo v. Román Feliciano, 181 DPR 679, 684 (2011). Así llamados a ejercer este poder inherente para garantizar que nuestro dictamen sea ejecutado por la Junta de Planificación tras un intento de circunvalarlo, nada impedía que, motu proprio, actuáramos sobre los casos relacionados que todavía están bajo nuestra jurisdicción con el fin de preservar su eficacia.

Por consiguiente, existiendo capacidad jurisdiccional para ello y ante las repercusiones sobre el interés público de los actos recientes del Poder Ejecutivo, este Tribunal debió actuar en acorde con lo solicitado y reafirmar el alcance de nuestro dictamen sobre el asunto. En particular, porque este se vería lacerado y menguado ante la pretensión del Poder Ejecutivo de no aplicar la reglamentación que este Tribunal pautó unánimemente y, peor aún, mediante el uso de un mecanismo inaplicable. Me explico.

Como se sabe, la LPAU requiere que las agencias administrativas observen ciertos requisitos mínimos al aprobar "reglas legislativas" o, dicho de otro modo, cualquier conjunto de normas de contenido sustantivo que complementa alguna ley, crea derechos, impone obligaciones y establece un patrón de conducta. Centro Unido Detallistas

v. Com. Serv. Púb., 174 DPR 174 (2008). En específico, el ordenamiento exige el cumplimiento con los requisitos de notificación, participación ciudadana, presentación y publicación. Mun. de San Juan v. J.C.A., 152 DPR 673, 690-691 (2000).

Ahora bien, la LPAU también consigna un mecanismo para que, **en casos excepcionales**, se pueda aprobar un reglamento con vigencia inmediata sin tener que cumplir momentáneamente con la totalidad de los requisitos antes mencionados. Grupo HIMA v. Depto. de Salud, 181 DPR 72, 80 (2011). La Sec. 2.13 de esta ley, 3 LPRA sec. 9623, establece que el secretario de una agencia puede presentar una certificación de emergencia y un reglamento para que efecto inmediato ante el Departamento de Estado siempre y cuando el Gobernador certifique que los intereses públicos requieren un reglamento con vigor inmediato debido a una emergencia u otra circunstancia que lo justifique.

No obstante, la agencia tiene que cumplir posteriormente con los procedimientos de notificación y participación ciudadana, y tiene que someter cualquier enmienda o modificación del reglamento al Departamento de Estado. En lo pertinente, la Sec. 2.13 de la LPAU dispone que:

> Una vez así radicado el reglamento, o la enmienda al mismo, la agencia dará cumplimiento a lo dispuesto en las Secciones 2.1, 2.2 y 2.3 y de determinar modificaciones o enmiendas al reglamento radicado al amparo de esta Sección, radicará las mismas en la oficina del Secretario de Estado, y se

le dará cumplimiento a lo dispuesto en la Sección 2.8 de esta Ley. 3 LPRA sec. 9623.

Según surge del Reglamento conjunto para la evaluación y expedición de permisos relacionados al desarrollo, uso de terrenos y operación de negocios, Reglamento Núm. 9473 de 16 de junio de 2023, la emergencia que motiva la aprobación inmediata del reglamento en cuestión es nuestra orden de usar el Reglamento Conjunto de 2010 hasta tanto se produzca un nuevo reglamento. Es decir, el Poder Ejecutivo aduce que el Reglamento Conjunto de 2010 no está atemperado al estado de Derecho vigente y es, en consecuencia, inaplicable, lo que crea incertidumbre en cuanto a la continuación de la reconstrucción de la Isla tras los huracanes y terremotos que nos asecharon hace algunos años.[1]

En el ámbito administrativo, el concepto de "emergencia" es uno flexible, pues puede comprender "un suceso o combinación y acumulación de circunstancias que exigen actuación inmediata". Grupo HIMA v. Depto. de Salud, supra, pág. 90. Sin embargo, es difícil contemplar cómo la ejecución de nuestra facultad constitucional ha creado una crisis por determinar que la implantación de un reglamento violó los principios más básicos de nuestro ordenamiento. Ello, en particular, cuando tal dictamen estuvo acompañado de una aclaración específica sobre el estado de Derecho a

---

[1]Véase, http://app.estado.gobierno.pr/ReglamentosOnLine/Reglamentos/9473.pdf (última vista, 26 de junio de 2023).

regir. Recuérdese que en nuestra Opinión Per Curiam dispusimos que los permisos que ya contaban con aprobación, los que estaban en proceso de evaluación y aquellos que incluso contenían una determinación que no fuera final y firme continuarían siendo evaluados de conformidad con el Reglamento conjunto aplicable. Véase, Martínez Fernández v. Oficina de Gerencia de Permisos, supra, págs. 5-6.

Por demás, si bien los efectos de los eventos naturales que atravesamos hace algunos años nunca serán borrados en su totalidad de nuestra memoria colectiva, su invocación a estas alturas para justificar una presunta emergencia en el sistema de permisos del País no descansa en la conexión más robusta.

Ahora bien, aun aceptando que las circunstancias crearon una situación de emergencia tan severa que la aprobación inmediata del reglamento era apremiante, la propia disposición en la que se fundamenta el uso de esta facultad por parte del Poder Ejecutivo indica que el reglamento adoptado de forma inmediata tiene que ser el mismo que eventualmente debe instaurarse mediante el procedimiento ordinario. Es decir, que la razón para esta regla es que "los intereses públicos requieren que el reglamento o enmienda al mismo empiece a regir sin dilación".[2] Es esta urgencia la que permite que el reglamento cobre vigencia previo al cumplimiento con los requisitos reglamentarios,

---

[2]D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Uniforme, Colombia, Ed. Forum, 2013, pág. 137.

los cuales de ordinario se cumplirán posterior a su aprobación inmediata. La letra inconfundible de tal disposición lleva a concluir que el reglamento de emergencia con efecto inmediato que se presentó ante el Secretario de Estado tiene que ser el mismo que se estará sometiendo a las exigencias reglamentarias posteriormente, de ahí a que se requiera que también se presente cualquier modificación o enmienda eventual.

Esta realidad ineludible choca con las justificaciones que intenta esgrimir el Poder Ejecutivo al asegurar que la elaboración de un nuevo reglamento está en sus etapas finales. En otras palabras, el establecer los Reglamentos Conjuntos de 2019 y 2020 como reglamento de emergencia con el fin de que surtan efecto hasta que un reglamento nuevo y completamente distinto pueda ser terminado, es irremediablemente incompatible con la propia disposición reglamentaria en la cual se ha apoyado el Estado. **Los actos que hoy impugnan las recurridas no solo burlan la autoridad interpretativa y adjudicativa de este Tribunal, sino que también obran en oposición directa a los fines y requerimientos de la propia normativa de la que han hecho uso.**

A la luz de estos hechos, estando la controversia viva y existiendo un dictamen claro sobre el estado de Derecho aplicable, este Tribunal debió intervenir según le fue peticionado. Ciertamente, debimos ejercer nuestra autoridad sobre el asunto para reivindicar nuestra facultad

constitucional para interpretar el Derecho y ofrecer certeza al ordenamiento jurídico. El efecto infortunado de tal inacción es la continuación del curso de acción incorrecto que ha adoptado el Estado y la Junta de Planificación.

Por estar en desacuerdo con la perpetuación de tal conducta y de que este Tribunal no provea los remedios necesarios que garanticen la efectividad de sus dictámenes frente al Poder Ejecutivo con el fin de evitar fracasos en la administración de la justicia, **disiento.**


                                        Luis F. Estrella Martínez
                                              Juez Asociado