Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ELIEZER SANTANA BÁEZ<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00262 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. Q-288-25<br><br>Sobre: SOLICITUD DE DOCUMENTOS |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

Comparece la parte recurrente, el señor Eliezer Santana Báez por derecho propio y en *forma pauperis*, mediante el presente recurso de revisión judicial. Solicita la revocación de la resolución del Departamento de Corrección y Rehabilitación del 3 de septiembre de 2025 notificada el 11 de septiembre de 2025 en relación con la Solicitud de Remedios Administrativos Núm. Q-288-25 promovida por el recurrente.

Por los fundamentos que se expondrán a continuación, *confirmamos* la resolución recurrida.

### -I-

El 2 de junio de 2025 la parte recurrente presentó una Solicitud de Remedios Administrativos, reclamó la identidad de la persona que "presentó" una querella policiaca en su contra (Querella Núm. 2024-7-111-12210) por amenazas. Además, el recurrente quiere saber los fundamentos bajos los cuales la querella fue presentada, y solicitó una orden para una entrevista al agente de la Policía que recogió por escrito la querella. Según el

recurrente, la policía o el ministerio público tramitan un caso criminal en su contra, *ex parte,* y la información contenida en la querella es imprescindible para su defensa. El 9 de junio de 2025, la Supervisora del Área de Récord Criminal emitió la Respuesta del Área Concernida, en la cual dispuso: "Según sus planteamientos en este remedio no le concierne al área de récord criminal dilucidar los fundamentos expuestos. Deberá referir este remedio al foro correspondiente". El recurrente recibió la respuesta el 2 de julio de 2025, al día siguiente presentó una solicitud de reconsideración en la que instó a la parte recurrida a dar curso a su petición y dirigirla al área concernida adecuada.

El 23 de julio de 2025 la parte recurrida acogió la reconsideración presentada, y el 3 de septiembre de 2025 emitió la resolución recurrida en la cual indicó: "Se orienta al recurrente que se verificó el expediente criminal y social, no se encontró evidencia de la querella número 2024-7-111-12210. Se le recomienda que solicite este documento a través del Honorable Tribunal". Todavía inconforme la parte recurrente comparece ante este tribunal y señala el siguiente error:

> Erró el DCR al no considerar todos los archivos de las distintas divisiones para obtener la información necesaria, así como consultar con el propio superintendente o mi trabajadora social Myrna Negrón para obtener en detalle el conocimiento de la alegada querella, la cual de todos modos fue radicada por un empleado suyo al recurrente y la misma debe ser de fácil acceso para los diferentes hechos investigados que pueden surgir a raíz de la misma, incluyendo su propio oficial.

El Procurador General compareció mediante alegato escrito. Por tanto, procedemos a resolver con el beneficio de la comparecencia de las partes, el contenido del expediente administrativo y el derecho aplicable.

## -II-

### -A-

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9671 *et seq.* (LPAUG), dispone un procedimiento uniforme para la revisión judicial de una adjudicación administrativa. *Gobierno PR v. Torres Rodríguez*, 210 DPR 891, 907 (2022); *Cordero Vargas v. Pérez Pérez*, 198 DPR 848, 857 (2017). Mediante un recurso de revisión judicial, el Tribunal de Apelaciones puede revisar las decisiones, órdenes y resoluciones finales emitidas por un organismo o una agencia administrativa. Véase, Artículo 4.006(c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Su propósito es asegurar que la agencia actuó conforme con el poder delegado. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Los tribunales apelativos debemos otorgar deferencia a las determinaciones de los organismos administrativos, puesto que poseen experiencia y conocimiento especializado sobre el asunto delegado. *Transporte Sonnell, LLC v. Junta Subastas Aut. Carreteras*, 2024 TSPR 82; *Violí Violá Corp. et al., v. Mun. Guaynabo*, 213 DPR 743 (2024); *Otero Rivera v. Bella Detail Group, Inc., y otros*, 2024 TSPR 70; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Por ello, las determinaciones administrativas gozan de una presunción de legalidad y corrección. *Íd.* Esa presunción subsiste mientras la parte que objete la decisión administrativa no demuestre que las determinaciones de hechos no están fundamentadas en la evidencia sustancial, o que las conclusiones de derecho alcanzadas por la

agencia carecen de fundamento legal. *OEG v. Martínez Giraud, supra,* pág. 89. En este sentido, la revisión judicial evalúa tres aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos se sostienen por evidencia sustancial contenida en el expediente administrativo, y (3) si las conclusiones de derecho de la agencia se sostienen. *Hernández Feliciano v. Mun. Quebradillas, supra*; *Torres Rivera v. Policía de PR, supra,* págs. 626-627; *Moreno Lorenzo y otros v. Depto. Fam.,* 207 DPR 833, 839-840 (2021); *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581, 591 (2020).

### *-B-*

El *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional,* Reglamento Núm. 8583, Departamento de Estado, 4 de mayo de 2015, rige lo concerniente a las solicitudes de remedios administrativos de los miembros de la población correccional. Deriva de la *Civil Rights of Institutionalized Person Act,* 42 U.S.C. 1997 *et seq.,* en que, todo miembro de la población correccional disponga de un organismo administrativo para que, en primera instancia, pueda presentar una solicitud de remedio, minimizar las diferencias con el personal y evitar o reducir la presentación de pleitos en los tribunales. Una solicitud de remedio es un recurso que presenta un miembro de la población correccional por escrito sobre una situación que afecta su calidad de vida y seguridad relacionado con su confinamiento. Regla IV (24) del Reglamento Núm. 8583, *supra.*

### *-III-*

Nuestra función revisora respecto a las determinaciones de la parte recurrida es limitada, y sus decisiones merecen deferencia judicial, sobre todo, cuando se delega la implantación de una política pública con un alto grado de especialización y

competencias institucionales. En armonía con los objetivos perseguidos, debemos limitarnos a evaluar si la parte recurrida, al atender la solicitud de remedio administrativo y emitir su respuesta final, actuó arbitraria o ilegalmente, o en forma tan irrazonable que su actuación constituye un abuso de discreción. *Fuertes y otros v. A.R.P.E.*, 134 DPR 947, 953 (1993). En consideración a estas premisas, discutiremos los errores señalados en conjunto.

La parte recurrente exigió copia de la Querella Núm. 2024-7-111-12210, supuestamente presentada en su contra por un oficial de custodia correccional ante la Policía de Puerto Rico. La parte recurrida contestó al recurrente e informó la inexistencia de la querella solicitada en sus archivos administrativos. Sin embargo, el recurrente exige a la agencia investigar el paradero de la querellada objeto de su petición.

Analizadas las dos respuestas dadas en este caso, nos parecen adecuadas, ante la situación particular presentada por el recurrente. La solicitud de remedio que, un miembro de la población correccional presente a la División de Remedios Administrativos no necesariamente redundará en la concesión del reclamo solicitado. Lo exigido a las autoridades correccionales es atender la solicitud y proveer al confinado una "respuesta adecuada", según la naturaleza de la solicitud. Por eso se requiere del evaluador que utilice "todos los procedimientos que estime necesarios para la obtención de la información requerida para brindar una respuesta adecuada al miembro de la población correccional". Entonces, una "respuesta adecuada" será una respuesta informada, es decir, provee al solicitante los medios necesarios para lograr lo que pide o le coloca en condiciones de conocer el estado de su reclamo, tal es la situación nen el caso ante nos.

Evaluada la totalidad de la actuación administrativa concluimos que fue válida, respetó el debido proceso.

Lo anterior no soslaya las expectativas legítimas de todo miembro de la población correccional de lograr su rehabilitación. La parte recurrida está obligada a cumplir ese mandato constitucional. No obstante, para lograr esa importante aspiración de nuestra sociedad, la parte recurrida está llamada a organizar sus limitados recursos de la manera más efectiva, y eficiente posible, según lo permita la realidad institucional, para lo cual tiene amplia discreción. Debemos deferencia a esa autoridad delegada si no detectamos abuso de discreción, arbitrariedad o irracionabilidad en la decisión tomada, por tanto, no se cometieron los errores señalados.

Consecuentemente, concluimos que la agencia recurrida actuó de forma razonable al atender la solicitud de respuestas de la parte recurrente.

### *-IV-*

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *confirmamos* la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones